LATHROP & WILKINSON, APPELLANTS, vs. AMOS SNELL, APPELLEE.

Where the same individuals do business under different names or styles in two separate houses, the parties in interest being the same, their rights and liabilities as co-partners will not be affected thereby, and they will be regarded as constituting one and the same firm; and, in such cases, a creditor whose debt was created in the name of and with one house, may proceed by garnishment to subject to his claim a debt contracted in favor of such copartners in the name of the other house.

Appeal from the Circuit Court of the Western Circuit.

For the facts of the case, see the opinion of the court.

*J. F. McClellan*, for Appellants.

*Bush & Milton*, for Appellee.

PEARSON, J., delivered the opinion of the court.

The plaintiffs brought their action by attachment against the defendants, and upon the return of *nulla bona* by the sheriff a summons in garnishment was issued and served upon the garnishee Amos Snell. The plaintiffs took judgment against the defendants, and Snell made his answer to the summons in garnishment, in which he admits that he is indebted to the late firm of Simmons, Stewart & Co., of Geneva, Alabama, in the sum of one hundred and ninety dollars.

The plaintiffs in their declaration complain of Elijah H. Simmons, Elijah J. Hays and John B. Simmons, surviving partners of the late firm of Simmons, Hays & Co., for that whereas the said defendants, together with one Austin J. Stewart, whom they have survived by and under the name, style and firm of "Simmons, Hays & Co.," made the several promises and assumptions upon which judgment was rendered against them. Upon the coming in of the garnishee's answer, it was proven by the confession of two of the defendants, and not controverted in argument, that the members of the co-partnership doing business at Geneva, Alabama, under the style and firm of Simmons, Stewart & Co., were the identical persons carrying on their business under the style of Simmons, Hays & Co. at Elba, Alabama, and the copy of the note filed as the cause of action with the plaintiff's declaration, upon which judgment was rendered against the defendants, describes them in its body as of Elba, State of Alabama.

Upon this state of facts the plaintiffs moved for judg-

ment against the garnishee Snell, which was refused and the garnishment dismissed by the court below. To which ruling the plaintiffs excepted and bring their appeal.

It appears to us that the defendants must be regarded as co-partners, doing business both at Elba and Geneva and designating their different mercantile houses merely by a transposition of names. The parties were the same, and the debts due to either house were their common property. There was as perfect an identity of interest and liability in both houses as if the business had all been done at one counter. The fact that the name or style under which their business was transacted in the separate houses was different, when the parties in interest were the same, can make no difference in their legal rights or liabilities. The debt of Snell was due to the defendants in their co-partnership character, and to them only. The plaintiffs had the unquestionable right to subject it by process of garnishment to the payment of their debt.

The authorities relied on by the defendants are all cases where the separate interest of one partner in a firm was sought to be subjected to a debt for which his co-partners were not liable, and they show very clearly that such interest consists only in whatever share may remain to such partner after the co-partnership accounts are taken. The case here presented is entirely different and does not involve questions affecting the equities arising between co-partners themselves or the separate creditors of one of them.

The judgment must be reversed with costs and the case remanded, with directions to enter judgment against the garnishee.