LUCIEN MONTGOMERY ET AL., APPELLANTS, VS. WM. M. KNOX ET AL., APPELLEES.

1. A suit in equity by one or more members of an unincorporated association for the purpose of mutual fire insurance, seeking the appointment of a receiver of the property of the association and the continuance of its business by him, should be brought against the other members of the association and not against its executive officers alone.

2. Where the claim is for damages resulting from false and fraudulent representations made by the defendants to the plaintiffs, the remedy, if the plaintiffs have a case, is at law not in equity.

Appeal from the Circuit Court for Volusia county, to which the case was transferred from Alachua county.

William M. Knox, of Alachua county, Florida, and Herbert Wagner and John Van Collins, partners as Wagner & Collins, of Crockett, Texas, file the bill in this case against Lucien Montgomery, David A. Miller, George W. Means and Calvin W. Keep.

Plaintiffs allege that defendants since the 4th of May, 1881, have represented that they were the officers of a corporation called the Florida Mutual Fire Association, " incorporated under the laws of Florida with privileges perpetual," and that said Montgomery was the President, Calvin W. Keep the Vice-President, George W. Means the Treasurer, and David A. Miller the Secretary of said incorporated association; that they represented that said association was a reciprocal, benevolent institution, organized for the mutual protection of the property of its members from loss by fire; that by reason of such representations and of the further representation that if plaintiffs would become members of said association that certificates of membership would be issued to them granting protection against

loss by fire upon such terms and conditions as were specified in the by-laws of the association, and that upon such loss by fire being sustained by a member of said association that an assessment would be made upon all the members for the purpose of paying such loss ; that plaintiff, Wm. M. Knox, relying upon such representation, became a member of the association on the 7th of August, 1882 ; that four certificates of membership were issued to him, and that he has complied with all the requirements of defendants as stated in said certificates in the payment of semi-annual dues and assessments, and that these certificates, four in number, each insure a stock of merchandise for $1,250, aggregating $5,000.

Plaintiffs allege further that a like certificate of membership was issued to Herbert Wagner and John Van Collins, as Wagner & Collins, by which they were insured in the sum of $2,000 " on their stock of general merchandise," and that they had complied with all the requirements and paid all assessments and dues as stated in said certificates.

Plaintiffs charged that the property thus insured had been lost by fire since they became members of the association, and that such loss was without any fault, misconduct or negligence upon the part of insured, and within the terms of the certificates.

Plaintiffs allege that relying upon said certificates of membership they expected said sums to be paid or such amount as could be realized by assessment, but that they have paid plaintiff, Knox, only the sum of fifty dollars, and have failed to pay Wagner & Collins, and have failed and refused to make any assessment.

Plaintiffs allege that large sums of money are being collected by the defendants from the members of the so-called Florida Mutual Fire Insurance Association, and being by defendants illegally and fraudulently applied to their indi-

vidual purposes; that Keep, Means and Miller, three of the defendants are insolvent; that defendant, Montgomery, is worth a sufficient amount of property to reimburse them, but that they have reason to believe that said Montgomery is now seeking to dispose of his property, so as to protect himself from their just and equitable claims, and charge that without relief is immediately afforded them, "to await a determination of suit by the ordinary process of the law, that a judgment which they might attain would avail them nothing."

Plaintiffs pray that Montgomery be enjoined from selling or encumbering his property, real and personal, and that it may be subjected to the payment of his debt; that a receiver be appointed to take charge of the money, books, papers and assets of the said so-called Florida Mutual Fire Insurance Association, and manage and control its business under the direction of the court; that the defendants be ordered to forthwith deliver up to such receiver all the money, assets, books and papers of the said so-called Association; that the defendants be enjoined from interfering with the receiver; that a decree may be made for plaintiffs against the defendants, Keep, Means and Miller, in the amount of plaintiffs' claims, and that the money and all other property of the said so-called Association be also applied as far as necessary to the payment of their claims, and if the assets be not sufficient, or not so liable, then that the property held by said defendants or any one of them be subjected to the payment of said claim and for other and further relief.

The Chancellor without notice appointed a receiver of the books and assets of the association with power to continue its business until the further order of the court, requiring a bond in the sum of two thousand dollars, and directed that Montgomery, one of the defendants, should

show cause why an injunction should not be granted enjoining him from selling any part of his property.

From this decree this appeal is taken.

*Taylor & Sanchez* for Appellants.

*Ashby & Thrasher* for Appellees.

The defendants having appealed from the decree of the Judge appointing receiver, without filing plea or answer, the allegations of the bill must be taken as true, and the only question for consideration is whether or not the bill presents such a state of facts as justify the decree entered.

If the so-called Association was not an incorporated Association then the parties representing themselves as the officers became personally liable to the complainants for any loss which they may have sustained by reason of the false representations made to them.

An unincorporated company is a mere partnership, and each member is liable for the whole amount of the debts of the company in the same manner that each partner is responsible for the entire liability of the firm. Angell & Ames on Corp., sec. 581; English vs. Wall, 12 Rob. La., 132; Gorman vs. Russell, 14 Cal., 531; Tappen vs. Baily, 4 Met., 529; Taft vs. Ward, 106 Mass., 518; Taft vs. Ward, 111 ib., 522.

This rule prevails whether the parties intended to bind themselves as partners or not. An application of the rule has occasionally become necessary against persons acting as a corporation when not authorised to do so, either because they were not incorporated, or were acting beyond the State where the corporation could do business, or after its charter had expired or been forfeited. Persons assuming to act for a non-existing corporation are personally re-

sponsible. Field on Corporations, sec. 178; Herod vs. Rodman, 16 Ind., 241.

This rule is indispensable to avoid a complete failure of justice. The supposed corporators of stockholders having obtained the benefit of a contract when there is no corporation to be bound it must follow either that they shall be held liable, or that the other contracting party have no remedy whatever. Those who act as directors, there being no corporation, are liable personally. Field on Corporations, sec. 179; Williams vs. Bank of Michigan, 7 Wend., 542; Maulslay vs. De Blanc, 2 C. & P., 409; Hill vs. Beach, 1 Beas., ch. 31.

The fraudulent misrepresentations of the defendants, as charged in the bill, were of such character as to bring them within the definition of fraud according to Pothier, who says "that the term fraud is applied to every artifice made use of by one person for the purpose of deceiving another." 1 Pothier on Oblg. by Evans, pt. 1, ch. 1, sec. 1.

Fraud is defined to be any cunning, deception or artifice used to circumvent, cheat or deceive another. 1 Story Eq. Ju., §186. Fraud indeed, in the sense of a court of equity, properly includes all acts, omissions and concealments which involve a breach of legal or equitable duty, trust or confidence justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken of another. Ibid, sec. 187. "Fraud * * being so various in its nature and extensive in its application to human concerns, it would be difficult to enumerate all the instances in which Courts of Equity will grant relief under this head." Ibid, sec. 189.

It may be laid down as a general rule, subject to a few exceptions, that courts of equity exercise a general jurisdiction in cases of fraud, sometimes concurrent with and sometimes exclusive of other courts. With the exception

of wills, courts of equity may be said to possess general and perhaps a universal concurrent jurisdiction with courts of law in cases of fraud, cognizable in the latter, and exclusive jurisdiction in cases of fraud beyond the reach of courts of law. Ibid, sec. 184.

The appellants complain that Wm. M. Knox and Wagner & Collins are improperly joined as co-complainants. Their demands arise out of the same state of facts, and we submit that in order to avoid a multiplicity of suits they were properly joined as complainants. The general doctrine is that all persons materially interested in a suit in equity should be made parties, either as plaintiff or defendant, in order to prevent a multiplicity of suits, &c. 4 Cowen, 682; 1 Pet., 299; 13 Pet., 357; 24 Maine, 20; 7 Conn., 342; 11 Conn., 112; 11 Gill. and J., 426; 1 Rand., 451; 2 Blackf., 223.

The appellants say that "the bill is wanting in equity because it seeks in equity to attack and call in question the legal existence or non-existence of a corporation." It will be found by examination of the bill of complaint that the so-called corporation is not made a party to the suit, its corporate existence is repudiated and the defendants in the courts below, by failing to file plea or answer, admitted that the so-called Florida Mutual Fire Insurance Association was not an incorporated company, that there existed only a partnership as charged in the bill. It surely will not be contended that if A, B & C conduct a business as a copartnership and assume a corporate name that a party seeking to enforce a demand against the copartners should first be required to proceed by *quo warranto* to have the fact judicially determined as to whether there is or not a legal corporation when the fact is notorious that no such corporation has ever been chartered or organized.

Was the decree appealed from authorized by the law and

the facts ?   L. Montgomery and his associates (the defendants in the court below and appellants in this court) are to be regarded as partners, and the assets of the so-called Florida Mutual Fire Insurance Association as the assets of the partnership.   From the allegations and charges in the bill, and the schedule of the property in the possession of and owned by the said Association, it will be observed that the partnership was insolvent; that only one of the partners (Montgomery) owned any property, and that he was disposing of it; that if the complainants succeeded in establishing the liabilitiy of the defendants to them that their victory would be a fruitless one without the intervention of the court in appointing a receiver, &c. ; that before judgment could be obtained by ordinary process of law that the property would be placed beyond reach of execution, therefore to deprive the complainants of the relief prayed for would result in a denial of justice.   If the complainants have a right as against the defendants they have a remedy, and only in a court of equity by appointment of receiver, &c., would their remedy be complete.   See Cases of Levy vs. Ley, 6 Abb., (N. Y.) p. 89 ; 15 How. Pr., 395.

In the case of Gregory vs. Gregory, 33 N. Y. Superior Ct., 1, it was held that insolvency would warrant the appointment of a receiver when it appeared that the plaintiff had a cause of action against the defendants, and that there was a probability of recovery, and that the benefit from such recovery would be either wholly lost or substantially impaired by reason of said insolvency if a receiver is not appointed.   As a general rule a receiver will be appointed in all cases where the interest of the parties seems to require it.   Crane vs. McCoy, 1 Bond, 422.

The appointment of a receiver is a matter resting in the discretion of a court of equity.   Frisbee & Johnson vs. Timanus, 12 Fla., 300 ; Railroad Company vs. Soutter, 2

Wall., 521; Crane vs. McCoy, 1 Bond, 422; Verplanck vs. Caines, 1 Johns, ch. 57; Lattimer vs. Lord, 4 E. D. Smith, 183; Chicago, &c., R. R. Co. vs. U. S. Co., 57 Pa. St., 83; Johns vs. Johns, 23 Ga., 31; Johns vs. Dougherty, 10 Ga., 274; Bloodgood vs. Clark, 4 Paige, 574.

It was not error to appoint a receiver upon *ex parte* application without notice. This court laid down the correct doctrine in the case of Swepson *et al.* vs. Call and Baker, 13 Fla., 327, in this language: "The general rule is that an application for a writ of injunction, or for the appointment of a receiver, must be upon notice to the opposing parties; yet if the act to be prohibited be such that delay will be productive of serious damage the writ will be granted or a receiver appointed *ex parte.* The emergency must be judged of by the Chancellor in the exercise of a discreet judgment.

Justice Westcott, who delivered the opinion of the court in the case of West vs. Chasten, 12 Fla., 332, said: "As to the want of notice of application for an injunction, there are many causes in which the giving of notice would destroy its effective power and efficiency, and it would be the means often of augmenting the very wrong which it is invoked to prevent." The same doctrine was held in the case of Williams vs. Jenkins, 11 Ga., 595.

We submit that this case is one in which the giving of notice would have destroyed the effective power and efficiency of the remedy invoked, and would have been the means of augmenting the wrong complained of, and therefore the receiver was properly appointed upon *ex parte* application.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

The principal difficulty in this case is to ascertain its pre-

cise character as presented by the bill. The plaintiffs throughout their bill repudiate the idea that the Florida Mutual Fire Insurance Association is a corporation. They expressly and repeatedly aver that the defendants, Montgomery, Miller, Means and Keep and their agents in representing that such a corporation existed made a false representation and deceived them to their damage. The case, therefore, must be treated as one in which no such corporate existence is alleged or claimed.

Again, if the Association named was not a corporation, if this is the result of the allegations of the bill, then as a simple company nothing more than the incidents of an ordinary partnership would exist between these plaintiffs and the defendants named. Of this partnership or company plaintiffs themselves would be members to the same extent that the defendants were and their rights and liabilities would be fixed by their contract. In this aspect of the case the demurrer would lie if for no other reason, because it is apparent upon the face of the bill and exhibits that only certain of the partners, clothed with particular powers, are made parties. The general rule is that all the members of a partnership must be parties plaintiff or defendant. The plaintiffs here have not the power to sue this unincorporated association if it be such, by making only particular officers of the association parties.

We think, however, that this must be treated as a suit by the plaintiffs against the defendants, Montgomery and others, for damage resulting from a false representation by them. If the facts existing or alleged here constitute any cause of action it is personal against these individuals and remedy is at law. As a matter of course we do not decide that they have any such cause of action. This is a question for the court of law to determine when the matter is brought before that tribunal for adjudication. We simply

say that whether they have any cause of action against these defendants for damages resulting from this alleged false representation or not it is in no event ground upon which a receiver should be appointed to take charge of the effects and continue the business of " The Florida Mutual Fire Insurance Association " for any purpose in a suit in equity where no such corporation or the members of no such association are made parties.

For the reasons given we are constrained to reverse the decree and to dismiss the bill without prejudice generally to such proceedings as the plaintiffs may see proper to institute at law against the named defendants, or in equity against such association either as a corporation or an association.