JOHN P. RICHARDSON, APPELLANT, VS. C. W. SMITH & CO., APPELLEES.

1. An unincorporated company or partnership cannot sue in its company or firm name, but must sue in the name of the individuals composing it.

2. When a claim to property levied upon under a writ of attachment is interposed under the statute, by an unincorporated company or firm, the affidavit of ownership should state the names of the individuals composing such company or firm. If the affidavit merely states the firm name in alleging the ownership, or states the name of only one or more of the persons composing the firm, and shows moreover that there are other members, or is another member, of the firm, but does not give the names or name of such other members or member, it is insufficient, and the claim proceeding should be dismissed on motion of the plaintiff in attachment.

Appeal from the Circuit Court for Hamilton county.

This is a claim to property by C. W. Smith & Co., made under section 20, chapter 7, and section 22, chapter 102, McClellan's Digest. The property is alleged to have been attached as belonging to Wm. H. Simpson, by the sheriff, at the suit of John P. Richardson. The affidavit of claim is as follows:

"STATE OF FLORIDA, } Hamilton County. }

"Before me personally came C. W. Smith, one of the firm of C. W. Smith & Co., who being duly sworn, says the following property, to wit: the stock of goods in what is known as the Claridy House, in the town of Jasper, in said county, attached by Sam. Altman, sheriff of said county, by virtue of —— of attachment in favor of John

P. Richardson against W. H. Simpson, belongs to them, said deponents.

"C. W. SMITH.

"Sworn to and subscribed before me this September 18, 1884.

"D. B. JOHNSON,

"Justice of Peace."

The "claim bond," bearing date as above, after stating the above county and State, proceeds: "Know all, &c., * * * that we, C. W. Smith and N. M. Smith, doing business under the firm name of C. W. Smith & Co., E. C. Horne, J. H. Ancrum, are held and firmly bound unto John P. Richardson in the sum of $310. * * *, The condition is such that, whereas Sam. Altman, sheriff in and for said county, has attached the following property," describing it as in the affidavit, "by virtue of attachment in favor of John P. Richardson against Wm. H. Simpson, and the above bounden C. W. Smith & Co., having interposed a claim to said property," and concludes with the condition prescribed by the statute. The bond is signed "C. W. Smith & Co," "E. C. Horne," "J. H. Ancrum," and there is a [SEAL.] after each signature.

The sheriff returned the affidavit and bond, with the writ of attachment mentioned, to the clerk's office. The attachment was issued the day the affidavit and bond are dated. The levy endorsed on the writ of attachment describes the property levied on specifically, "2 barrels of flour, etc., etc. * * * jewelry, dress goods, flannel, crockery, hats, etc., etc., * * * levied on as the property belonging to William H. Simpson."

At the fall term, 1884, Richardson moved to dismiss the claim on the following grounds:

1st. The affidavit fails to describe or sufficiently identify the property claimed.

2d. The affidavit fails to give the name of the firm of which he claims to be a member, and in whose right the claim is interposed.

3d. The affidavit fails to give the value of the property claimed.

4th. The bond is not for double the value of the property.

5th. The bond is signed by the firm name only, of " C. W. Smith & Co."

The court overruled the motion.

There was trial and final judgment in favor of the claimants, the jury having found that the property belonged to them.

*B. B. Blackwell* for Appellant.

*D. B. Johnson* for Appellees.

Mr. Justice Raney delivered the opinion of the court:

Section 22 of chapter 102 of McClellan's Digest provides that when any sheriff shall levy an execution on goods and chattels claimed by any other person than the defendant, such person may make oath that the property belongs to him, and it shall be the duty of the officer to postpone any further proceeding under the levy until the right of property shall have been tried. It also provides that the claimant shall give " bond with security." Section 23 provides for the return of the execution to the next term of the court and for the trial of the right of property. Section 20 of chapter 7 provides for similar proceedings in cases of an attachment.

We think the claim in this case should have been dismissed on the second ground of the appellant's motion. The affidavit is the basis of the claim proceeding (Smoot vs. Strauss, 21 Fla.,) and should show with certainty who the claimants are.

Assuming that the word "them" in the affidavit refers to "C. W. Smith & Co.," there is no question but that the affidavit either does not show what person or persons constitute such "firm," or it shows that C. W. Smith is but one of the persons constituting it, and, that being but *one*, there is another or are others whose name or names are not shown by it. Admitting, then, the recital in the affidavit shows, for the purposes of the proceeding, that C. W. Smith is "one of the firm of C. W. Smith & Company," then it also shows that he is only one and that there is necessarily another or others. Without giving the recital this effect we are without information from the affidavit as to the name of any person who is a member of such firm. Either horn of the dilemma is fatal to the proceeding. The ownership should be shown by affidavit. No other or less solemn evidence of it is authorized as a basis of the proceeding. The showing should be of the names of all the claimants, and not merely of one of several. We cannot do away by construction with the requirements of the statute. There is no pretense that " C. W. Smith & Company " are an incorporated company. In City of Jacksonville vs. Ætna Steam Fire E. Co., 20 Fla., 100, it was held that " where the declaration sets up a cause of action enuring jointly to several parties, and it appears from its face that only some of the joint contractors are plaintiffs, (no death or other fact showing survivorship of the right of action in the plaintiffs being set up,) it is a demurrable defect, and a demurrer of plaintiffs to defendant's pleas in bar should be overruled, whether defendant's pleas set up a good defence

or not." The declaration in the case cited alleged the plaintiffs to be Charles R. Bisbee and twenty-one others whose names are given, "*and others*," associated together under the name of " the Ætna Steam Fire Engine Company for the purpose of carrying on and conducting the business of extinguishing fires in the city of Jacksonville and vicinity." See also Montgomery vs. Knox, 20 Fla., 372. Upon the theory that the recital is to be taken as showing that C. W. Smith is one of the firm, the case just quoted from shows the insufficiency of the affidavit. See also 3 Blf., 322.

It is well established that an unincorporated company must sue in the names of the individuals composing it, and not in their firm name.

In Hays *et al.* vs. Lanier *et al.*, 3 Blackford, 322, it is said : " There is no principle more certainly and satisfactorily settled than in all actions the writ and declaration must both set forth, accurately, the christian and surname of each plaintiff and each defendant, unless the party is a corporation, known to the law by an artificial name, and is authorized to sue and be sued in such corporate name. This rule of law and practice, is sustained by reason, justice and the highest authorities." In this case it appears that a statute of Arkansas provided that in actions at law for the recovery of specific sums of money upon bills or promissory notes it should not be necessary to file a formal declaration, but that on the filing of the note process should issue. Process issued in the plaintiffs' firm name of " Stapp, Lanier & Co.," defendants appeared and moved to quash. The Supreme Court quashed the writ.

In Tomlinson vs. Burke & Clarke, 5 Halsted, 295, the judgment was against Tomlinson, in favor of Burke & Clarke, plaintiffs. All the proceedings in the cause were in the name of " Burke & Clarke." It was moved to reverse the judgment because the christian names of the indi-

viduals composing the firm of Burke & Clarke were not set forth either in the statement of demand or the transcript. The Chief-Justice delivering the opinion said: " The reason assigned for the reversal is sufficient. There are several decisions in point. Let the judgment be reversed." In Seeley vs. O. Schenck and Denise, 1 Pennington, 55, the action, as well as the judgment, was in the name of O. Schenck and Denise. "Men associating themselves together for trade and commerce and other lawful purposes," says the opinion, " it is true may assume a name under which they may carry on their business, and be known as merchants, &c., and this for the public convenience, because it would be very troublesome, to say the least, to insert the name of a whole company in every entry in books, in bills, and in other mercantile negotiations. But by this assumed name they cannot appear in a court of justice. They can neither sue or be sued by it. This is a privilege appertaining to corporate bodies only. A contrary doctrine would carry with it a power to any number of individuals to associate themselves together under an assumed name, and acquire many if not all the privileges of bodies corporate created by law. This is contrary to the policy of our civil institutions. To sue and be sued in their corporate names is one of the great privileges always granted to corporate bodies. It can only be authorized by the supreme power of the State." See also Hall vs. Smith, 2 Penn., 539, and 3d Caine's Reports, 170. If it be the recital is not to be taken as showing that C. W. Smith is a member of the firm, then, from the latter authorities, it is plain that the affidavit is entirely deficient.

The fact that the bond states, in effect, that N. M. Smith is the other party, does not cure the defect in the affidavit. The affidavit must state who are the owners seeking to arrest the proceedings. Such is the requirement of the stat-

ute.   The court cannot substitute a feature of the bond to supply a deficiency in the affidavit, which is the very basis of the proceeding, and no less essential than the bond.

Whether or not such a defect can be cured by waiver, it is not necessary to discuss here, in view of the motion to dismiss. We cannot avoid a decision of this question, however much we would like to.

We express no opinion on the other points of the motion as this primary defect is fatal to the case.

The judgment is reversed, and the case remanded with directions to dismiss the claim proceedings.