MARX BROS., PLAINTIFFS IN ERROR, VS. CULPEPPER &
DUPONT, DEFENDANTS IN ERROR.

Plaintiffs, George Marx and John Marx, partners doing business
as Marx Brothers, sued Andrew F. Culpepper and John E.
Dupont, partners doing business as Culpepper & Dupont, de-
fendants, and it was alleged in the declaration that defendants
on a given date were indebted to plaintiffs in a certain sum
for goods before that time sold and delivered by plaintiffs to
the defendants at their request. Defendants filed separate
pleas in abatement that neither was at the time of pleading,
nor on the date mentioned in the declaration, nor at any in-
termediate time, a member of a copartnership composed of de-
fendants, doing business as Culpepper & Dupont, or other-
wise:  *Held*, On demurrer to pleas, that they presented im-
material issues and should not have been sustained.

Writ of Error to the Circuit Court for Duval coun-
ty.

The facts in the case are stated in the opinion of the
court.

M. C. Jordan, for Plaintiffs in Error.

A. W. Cockrell & Son, for Defendants in Error.

MABRY, J.:

Plaintiffs in error instituted a suit against defend-
ants in error, the praecipe styling the plaintiffs as George
Marx and John Marx, partners as Marx Brothers, and
the defendants as Andrew F. Culpepper and John E. Du-
pont, as partners as Culpepper & Dupont. The sum-
mons was served upon Culpepper, one of the firm and

partners as Culpepper & Dupont, but both defendants appeared and filed separate pleas hereinafter stated.

The first count in the declaration is, that "George Marx and John Marx, partners doing business as Marx Brothers, plaintiffs, by M. C. Jordan, their attorney, complain of Andrew F. Culpepper and John E. Dupont, partners doing business as Culpepper & Dupont, defendants, of a plea of trespass on the case on promises; for that, whereas, the defendants, on the 26th day of April, 1893, were indebted to the plaintiffs in the sum of one hundred and four and 25-100 dollars for goods, chattels and effects before that time sold and delivered by the plaintiffs to the defendants at their request." Other common counts are added, and the conclusion is, that "the defendants, though requested, have not paid the same, or either of them, or any part thereof, to the plaintiffs, but refuse so to do," to their damage, etc. Culpepper filed a plea in abatement to the suit in assumpsit by summons as follows, viz "that he is not now, nor was he on the 26th day of April, 1893, nor has he been at any intermediate time, a member of a partnership composed of this defendant and John E. Dupont, doing business as Culpepper & Dupont, or otherwise." Dupont interposed a like plea for himself, and plaintiffs demurred. The demurrer was overruled, and issue joined upon the pleas. Upon the issues joined a verdict was returned for defendants upon which judgment was entered quashing plaintiffs' writ.

The count of the declaration set out clearly alleges a joint liability against defendants for goods, chattels and effects sold and delivered to them by the plaintiffs before the 26th day of April, 1893. Partners, in the absence of a statute to the contrary, are jointly liable. Pollak v. Hutchinson, 21 Fla. 128; Tuttle v. Cooper, 10 Pick. 281. Not only are members of a partnership act-

ually existing jointly liable for partnership debts, but when persons contract as partners, or hold themselves out to the public as such, or allow themselves to be so held out, they may be jointly liable, though no partnership in fact existed. Webster v. Clark, Son & Co., 34 Fla. 637, 16 South. Rep. 601. In 2 Bates on Partnership, §1068, it is stated that "in suing partners the averments are not generally required to be different from those in an action against any other joint contractors; it is sufficient to show that the defendants bought the goods, or made the note, without averring that they are partners, or the manner of signing, or that they had a firm name." The partnership name is of small or no importance, and in this State suits by or against partners must be in the individual names of the firms. City of Jacksonville v. Aetna Steam Fire Engine Co., 20 Fla. 100; Richardson v. Smith & Co., 21 Fla. 336; Hyer v. Vaughn, 18 Fla. 647; Lathrop & Wilkinson v. Snell, 6 Fla. 750.

Authorities are numerous to the point that when a joint liability is alleged against two or more defendants, it may be sustained by proof of such liability without reference to a partnership relation, or by showing such relation without alleging it in the declaration. Swinney v. Burnside & Co., 17 Ark. 38; Brown v. Jewett, 18 N. H. 230; Maynard v. Fellows, 43 N. H. 255; Ward v. Dow, 44 N. H. 45; Lessing v. Sulzbacher et al., 35 Mo. 445; Ensminger v. Marvin, 5 Blackford, 210; Meacham v. Batchelder, 3 Pinney (Wis.), 281; Danaher v. Hitchcock, 34 Mich. 516; Mack v. Spencer, 4 Wend. 412. In Hyde et al. v. Moxie Nerve Food Co., 160 Mass. 559, 36 N. E. Rep. 585, a charge was refused to the effect that if it appeared from the proof that plaintiffs were not partners when the suit was commenced, they could not recover, and in approving this ruling the Supreme

Court said: "It is said that a firm is a legal person, and that a dead person can not sue; but a firm is not a person in the sense supposed. For technical purposes of suing or being sued, the law does not know the firm, but only the men composing it." It was held in New Brunswick Steamboat and Canal Transp. Co. v. Tiers, 4 Zab. 697, S. C. 64 Am. Dec. 394, that the description of plaintiffs as lately partners was surplusage, and no ground of nonsuit if not true. See, also, Millerd v. Thorn, 56 N. Y. 402. A complaint alleged that defendants were partners and doing business under a given firm name, and the denial "that defendants ever were or are now partners," was held not to raise a material issue upon which it was necessary for the trial court to find. Hunter v. Martin, 57 Cal. 365. Where a partnership existence is essential in order to accomplish the ends of a suit, it is not doubted that it must be alleged and proved. The right to obtain a priority of payment out of partnership assets would depend of course upon a partnership relation. Some cases hold that in suits on written obligations the necessity of alleging a partnership may arise in order to avoid a variance. In Maynard v. Fellows, *supra*, it is said: "Where the form of the note, or the manner of signing it, are such as to render it necessary, in order to conform the allegations to the proof, to refer to the firm or partnership, it is necessary in some form to descibe the note as a partnership note. But where there is nothing in the form of the instrument to render this necessary, a partnership note may be declared on in the same form as any other joint note; and unless the rights of other partnership creditors should be involved, it is immaterial whether the note is one of a partnership, or merely a joint note."

The present suit is *in assumpsit* for goods sold and delivered by plaintiffs to defendants prior to the 26th

day of April, 1893, and the pleas, by not denying, admit the fact alleged. Under the allegation of a sale and delivery of goods prior to April 26th, 1893, defendants would be jointly liable for same, whether a partnership really existed subsequent to that time or not. All that the pleas do allege is that no partnership in fact existed between the defendants on and subsequent to the 26th of April, 1893, and this, it seems to us, presents an immaterial issue as to plaintiffs' right of recovery on the cause of action set out in the declaration. Some cases, especially under the code system of pleading, go to the extent of sustaining the pleas interposed in this case; but considering the essentials as to liability of joint contractors, it is evident that where a partnership relation exists it is not necessary to allege it in order to show liability, and when unnecessarily alleged it may present an immaterial issue to deny it. Such is the present case, in our judgment, and the demurrer to the pleas should have been sustained. Mudge v. Treat, 57 Ala. 1.

The judgment will be reversed, with directions to sustain the demurrer, and for further proceedings.