JAMES M. BARWICK, PLAINTIFF IN ERROR, v. LENORA ROUSE, ADMINISTRATRIX OF THE ESTATE OF CASWELL WINBURN, DECEASED, DEFENDANT IN ERROR.

1.  Service of process "by delivering a true copy on Mrs. M. B., wife of the within named J. M. B.," does not satisfy the statutory provision of "leaving such copy at his usual place of abode with some person of the family above fifteen years of age, and informing such person of the contents thereof."

2.  The statutory provision as to service of process that when some other person than the party be served such person shall be "informed of the contents" of the writ, should be given effect.

3.  Where the sheriff's return is fatally defective and no attempt is made to correct that return, a default and final judgment thereon will be reversed.

4.  The prosecution of a writ of error operates as an appearance and further process is unnecessary.

This case was decided by Division A.

Writ of Error to the Circuit Court for Wakulla County.

The facts in the case are stated in the opinion of the court.

*John L. Neely,* for Plaintiff in Error.

*Nat R. Walker,* for Defendant in Error.

COCKRELL, J.: The action is in assumpsit upon promissory notes and the return of the sheriff upon the summons *ad respondendum* is as follows: "The within summons came to hand this 21st day of February, 1906, J. W. Smith, sheriff, and executed on 22nd day of February, 1906, by delivering a true copy on Mrs. Melvina Barwick, the wife of the within named James M. Barwick, this 24th day of February, 1906. J. W. Smith, Sheriff of said Wakulla county, Fla." The summons was returnable March 5, 1906, on which day a default for want of appearance was entered reciting that service was had February 24th. On the April rules, no alias summons having been issued, a judgment final was entered reciting that the defendant had failed to appear at the March rules, and had further failed to plead, answer or demur.

The question, therefore, is, does the return of the sheriff show sufficient service upon James M. Barwick to bring him into court *in invitum,* there being no amendment or offer to amend the return and there being nothing in the return of a voluntary appearance? As ancillary thereto it may be asked if the defects are such as to avail upon this appeal.

Undoubtedly if the actual date of the service on Mrs. Barwick was the 24th day of February, as recited by the clerk, it was too late for the return day of the summons, it not being "served at least ten (10) days before the rule day." This, however, is not a fair construction of the language; it is evident that the service was made on the 22nd, while the return was endorsed on the 24th.

The serious defect, however, is in the statement of the manner and place of service. The statute, Revised Statutes of 1892, section 1015, provides that "service of the original writ or summons shall be effected by reading the writ or summons to the person to be served or by delivering him a copy thereof or leaving such copy at his usual place of abode with some person of the family above fifteen years of age, and informing such person of the contents thereof." A cursory inspection of the return will disclose several particulars wherein this statute was not complied with. Service was not made upon the person to be served, but a copy was delivered to his wife; where such copy was delivered does not appear; *non constat* the sheriff may have met her in Georgia, where she was living apart from her husband and not "at his usual place of abode in Wakulla county, Florida, with some person of his family above fifteen years of age." It does not necessarily follow that because Mrs. Melvina Barwick is the wife of James M. Barwick that she is a member of his family at his usual place of abode and above fifteen years of age. Again, when another than the defendant himself is served the law is not satisfied by merely delivering a true copy of the writ. It is further required that such other person be informed of the contents thereof. This provision is not mere idle words, but is founded wisely and must be given effect.

We do not intend to hold that every criticism we have made upon this return is separately to be taken as a decision that the defect pointed out would necessarily render the judgment void upon collateral attack, but there is a duty upon those charged with the entry of judgments before a clerk to see that there has been at least substantial compliance with the statute necessary to bring the defendant into court. We do hold that the return here is fatally defective and that the judgment based thereon will be set aside.

The defendant has, however, subjected himself to the jurisdiction of the court by prosecuting this writ of error, and further process is as to him unnecessary.

The other assignments will not be considered.

The judgment is reversed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.