STATE OF FLORIDA, EX REL. RUBY H. PALMER, *Relator*, v. DE-
WITT T. GRAY, CIRCUIT JUDGE FOR THE FOURTH JUDICIAL
CIRCUIT OF FLORIDA, IN AND FOR DUVAL COUNTY, *Re-
spondent.*

## En Banc.

## Opinion Filed January 5, 1927.

1. Mandamus is an extraordinary remedy. It is axiomatic that
the writ will not be allowed in cases of doubtful right, but
it must appear amongst other things, as a prerequisite to
the issuance of the writ, that the relator has a clear, legal
right to the performance by the respondent of the particular
duty in question.

2. The method of serving process authorized by Sec. 2602, *supra*,
is in the nature of substituted service. Statutes authorizing
service of that character are strictly construed. In order to
render such service of process effective, the plaintiff must
bring himself clearly within the provisions of the statute au-
thorizing it.

3. The provisions of Sec. 2602, Rev. Gen. Stat. 1920, are not
available where non-resident members of a co-partnership
are sued solely as individuals, as, for example, for a joint
tort or for a joint contract obligation unconnected with the
partnership business.

4. In a common law action the defendants were styled in the
summons: "Jno. H. Swisher and Carl S. Swisher, non-resi-
dents of the State of Florida, and co-partners trading and
doing business in the State of Florida, under the firm name
of Jno. H. Swisher & Son." *Held*, that the omission of the
word "as", following the names of the defendants and pre-
ceding the phrase, "co-partners trading and doing business",
etc., renders the latter phrase merely *descriptio personae*
and the action one against the named persons as joint de-
fendants, but not necessarily as co-partners, so that the cause

is not within the purview of Sec. 2602, Rev. Gen. Stat. 1920, which relates exclusively to the service of process upon the members of a limited and designated class of co-partnerships.

A case of original jurisdiction.

*George C. Bedell,* of Jacksonville, for Petitioner.

Alternative writ denied.

STRUM, J.—This is a case of original jurisdiction. The cause comes before us upon a petition for writ of mandamus disclosing the following circumstances:

The relator, Ruby H. Palmer, as plaintiff, instituted an action at law in the circuit court of Duval County against "John H. Swisher and Carl S. Swisher, non residents of the State of Florida and co-partners trading and doing business in the State of Florida under the firm name of John H. Swisher & Son," the object of the action being to recover damages because of the killing of G. B. Palmer, plaintiff's husband, through the carelessness and negligence of "the said defendants." The petition further alleges that summons issued out of said circuit court in said action, directed to all and   singular the sheriffs of the State of Florida, commanding them to summon "the said John H. Swisher and Carl S. Swisher, non-residents of the State of Florida and co-partners trading and doing business in the State of Florida under the firm name of Jno. H. Swisher & Son." The return upon said summons discloses that it was executed in Duval County, Florida, "by delivering a true copy thereof to V. E. Smallwood, a business agent and accredited representative of the within named defendant co-partnership, John H. Swisher and Carl S. Swisher, non-residents of the State of Florida and co-partners trading and doing business in the State of Florida, under the firm

name of John H. Swisher and Son, and at the same time
showing this original and explaining the contents thereof,
it appearing that personal service cannot be made upon
either of the above named individual co-partners in accord-
ance with statutes now 'of' force in the State of Florida.''

The defendants appeared specially and moved to quash
the return, upon the grounds, amongst others, that ''the
said V. E. Smallwood, as described in said return, was not
a person upon whom the service of process could bind these
defendants''; and that Section 2602, Rev. Gen. Stat. 1920,
''under which the said pretended service was sought to be
made'' is violative of designated sections of the Federal
Constitution. The motion to quash was granted. There-
upon, the plaintiff in that action, as relator, applied here
for a writ of mandamus to require the Honorable DeWitt
T. Gray, as Circuit Judge of the Fourth Judicial Circuit
of Florida in and for Duval County, and who made the
order quashing the return aforesaid, to hear and determine
the action so brought by relator, as plaintiff, in said circuit
court; to strike from the record the order of said judge
whereby the service of said writ of summons was quashed;
and thereupon to make such disposition of the action as
ought to have been made had the said order not been en-
tered. See State *ex rel.* Crump v. Branning, 74 Fla. 522;
77 Sou. Rep. 228; State *ex rel.* Hopps v. Horne, 75 Fla.
149; 77 Sou. Rep. 672; State *ex rel.* Claar v. Branning, 85
Fla. 61; 95 Sou. Rep. 237.

The relator contends that the return shows a valid service
of process under Sec. 2602, Rev. Gen. State 1920, which is
as follows:

''2602.  SERVICE ON AGENT OF FIRM OR CO-
PARTNERSHIP; PROVISO.—That in all cases where
any firm or copartnership shall conduct or carry on a busi-
ness, or business venture, in the State of Florida, or shall

have an office or agency in the State of Florida, service of process may be made upon any business agent or accredited representative of said firm or co-partnership, and such service shall be binding upon the said copartnership and the individual members thereof.

Provided, That in all cases it shall appear that personal service cannot be made upon such individual co-partners, or either of them, in accordance with the statutes now of force in this State; and, provided further, That this Section shall apply only to firms and co-partnerships composed wholly of persons not resident in this State."

Mandamus is an extraordinary remedy. It is axiomatic that the writ will not be allowed in cases of doubtful right, but it must appear, amongst other things, as a prerequisite to the issuance of the writ, that the relator has a clear, legal right to the performance by the respondent of the particular duty in question. Myers v. State ex rel. Thompson, 81 Fla. 32; 87 Sou. Rep. 80; State ex rel. Ellis v. Atlantic Coast Line R. R. Co., 53 Fla. 650; 44 Sou. Rep. 213; 13 L. R. A. (N. S.) 320; 12 Ann. Cas. 359; State v. Geer, 88 Fla. 249; 102 Sou. Rep. 739; 37 A. L. R. 1298.

The method of serving process authorized by Sec. 2602, supra, is in the nature of substituted service. 32 Cyc. 461. Statutes authorizing service of that character are strictly construed. Gage v. Riverside Trust Co., 156 Fed. 1002. In order to render such service of process effective, the plaintiff must bring himself clearly within the provisions of the statute authorizing it. See Barwick v. Rouse, 53 Fla. 643; 43 Sou. Rep. 753; and Kibbe v. Benson, 84 U. S. (17 Wall.) 624; 21 L. Ed. 741, which are illustrative of that proposition in respect to the manner of service. See also 21 R. C. L. 1279 (23).

Section 2602, supra, applies exclusively to a limited and

designated class of firms and co-partnerships, namely, "only to firms and copartnerships composed wholly of persons not resident in this State." The provisions of the statute are therefore not available where non-resident members of a co-partnership are sued solely as individuals, as, for example, for a joint tort or for a joint contract obligation unconnected with the partnership business. It is essential that the action be clearly against the defendants *as co-partners,* otherwise the statute is not applicable.

In the action brought by relator as plaintiff in the circuit court, the defendants are styled in the summons: "John H. Swisher and Carl S. Swisher, non-residents of the State of Florida and copartners trading and doing business in the State of Florida, under the firm name of Jno. H. Swisher & Son." Where defendants are so described or styled, the authorities are practically unanimous that the action is against the named defendants as individuals and not as copartners. The omission of the word "as," following the names of the defendants and preceeding the phrase "copartners trading and doing business in the State of Florida under the firm name of Jno. H. Swisher & Son," renders the latter phrase merely descriptio personae and the action one against the named persons as joint defendants, but not necessarily as copartners. Liability as a copartner is only one species of joint liability. Thus it appears that while the defendants are described or referred to as being copartners, it does not plainly appear that the action is brought against them solely as copartners, *as* distinguished from individual joint tort feasors or joint obligors. Billings v. Finn, 202 Pac. Rep. 938; Good v. Red River Valley Co., 78 Pac. Rep. 46; Bastian v. Adams, 91 N. W. 231; Compton v. Smith (Ala.) 25 Sou. Rep. 300; Peaks v. Graves, 41 N. W. Rep. 151; Johnston, Nesbitt & Co. v. First Natl. Bank, (Ala.) 40 Sou. Rep. 78; Burks v.

Unique Printing Co., 88 N. W. Rep. 488; United Press v. A. S. Avell Co., 76 N. Y. S. 692; Nolin v. Mooty, 113 S. E. Rep. 814; Saxe v. Dooely, 7 Porto Rico Fed. 623; 30 Cyc. 565; 15 Encyc. Plead. & Prac. 850.

The authorities tend to recognize a qualification of the rule last stated, which qualification is to the effect that all the pleadings in a cause may be considered together to ascertain the true nature of the action, and that the character of the action, whether it be against the defendant individually, or against him as a copartner or in some representative capacity,—will be determined from a consideration of the whole record. See Bank v. Shuler, 47 N. E. Rep. 262; 60 Am. St. Rep. 601; United Press v. Abell Co., 76 N. Y. S. 692. But the "whole record" of the action in the circuit court now before us consists of the summons and return thereof, in each of which the defendants are described as above stated,—and defendant's motion to quash, which does not aid the matter. It is therefore unnecessary for us to either sanction or reject the qualification just mentioned.

Even if the omission of the word "as" in styling the defendants might be remedied by confining the proof at the trial to facts disclosing partnership liabiliity (see Marx Bros. v. Culpepper, 40 Fla. 322; 24 Sou. Rep. 59), or by limiting the recovery and judgment, if any, to one against the defendants as copartners,—thus in effect resolving the cause into an action solely against the defendants as copartners,—whether or not that be the relator plaintiff's intention in bringing the action, or would be the course taken at the trial, is wholly conjectural in the present state of the record before us. Those possibilities can not be resorted to, in anticipation, for the purpose of aiding or construing the summons and return in this pro-

ceeding. The relators' right to the writ of mandamus must be tested by the record as now presented to us.

Since the action in the circuit court, in its present form, must be construed to be against the defendants as joint defendants only, and not as copartners, the cause is not within the purview of the statute under which service of process was attempted. It therefore follows that the attempted service of the summons upon the said V. E. Smallwood was ineffectual to give the circuit court jurisdiction of the defendants either individually or as copartners, and the motion to quash the return was properly granted.

In this view of the matter, it is unnecessary for us to consider the constitutionality of Section 2602, supra.

The alternative writ is denied.

WHITFIELD, TERRELL AND BROWN, J. J., concur.

ELLIS, C. J., concurring.—Ruby H. Palmer applied here for a writ of mandamus to require the Honorable DeWitt T. Gray, as Circuit Judge of the Fourth Judicial Circuit of Florida for Duval County, to hear and determine an action brought by the petitioner in the Circuit Court for that County against John H. Swisher to recover damages because of the killing of the petitioner's husband through their carelessness and negligence.

The petition alleges that the action was brought against "John H. Swisher and Carl S. Swisher, non-residents of the State of Florida and co-partners trading and doing business in the State of Florida under the firm name of John H. Swisher & Son."

It is alleged that summons was directed to the sheriffs of the State of Florida commanding them to summons the defendants as described and that it was executed by "delivering a true copy thereof to V. E. Smallwood a

business agent and accredited representative of the within named defendant co-partnership, John H. Swisher and Carl S. Swisher, non-residents of the State of Florida and co-partners trading and doing business in the State of Florida, under the firm name of John H. Swisher & Son, and at the same time showing the original writ and explaining the contents thereof, it appearing that personal service can not be made upon either of the above-named individual co-partners in accordance with law.''

The defendants appeared specially and moved to quash the return. The motion was granted. Thereupon the petitioner applied for a writ of mandamus to compel the judge to hear and determine the action.

The petitioner says that the return shows a valid service of process under the provisions of Section 2602, Revised General Statutes, providing for service of process upon any business agent or accredited representative of any firm or co-partnership which shall conduct or carry on a business or business venture in the State of Florida or shall have an office or agency in the State and such service shall be binding upon the said co-partnership and the individual members thereof, provided that in all cases it shall appear that personal service cannot be made upon such individual co-partners or either of them in accordance with the statutes ''now of force in this State'' and provided further that the section shall apply only to firms and co-partnerships composed wholly of persons not resident in the State of Florida.

The Legislature enacted the law in 1911. It was Chapter 6224 and was approved June 3, 1911.

The purpose of the Act, as its title recites, was to provide a method of serving process upon non-resident co-partners having an office or conducting a business in this State.

There is no provision in the statutes of this State for suing or obtaining judgment against a partnership as such. At common law the process and pleadings in every action were required to disclose the Christian name and surname of all the parties thereto; the purpose being to render judicial proceedings certain and conclusive as between the parties and to give full force and effect to the doctrine of *res judicata*. This rule does not apply to corporations and in some jurisdictions by statutory enactment it no longer applies to partnerships. See note to Spaulding Mfg. Co. v. Godbold, 92 Ark. 63, 121 S. W. Rep. 1063, as reported in 29 L. R. A. (N. S.) 282; Richardson v. Smith & Co., 21 Fla. 336; Marx v. Culpepper, 40 Fla. 322, 34 South. Rep. 59.

In this State, however, the theory that a partnership is a legal entity distinct and separate from the parties composing it does not obtain nor is it recognized by the United States Courts.

See Francis v. McNeal, 228 U. S. 695, 57 L. Ed. 1029, 33 Sup. Ct. Rep. 701, L. R. A. 1915E, 706; Marx v. Culpepper, *supra*.

A corporation domiciled in one State may do business in another state but by virtue of the consent of the latter state, it is a matter of grace; a non-resident person, however, may do business in any state not by virtue of the state's consent but by virtue of the Federal Constitution. The property which he sends into the state he submits to the jurisdiction of the courts, but not his person. Nor is it at all clear in reason that when a non-resident of the state comes into this State to transact business that he waives his right to personal service of process in actions in personam because of the existence of the statute providing for constructive service of process upon him, when in law there is no necessity nor consideration for his so doing.

Counsel for petitioner argue that by virtue of the Statute, Section 2602, *supra,* a partnership must be regarded as a distinct legal entity so far as service of process on the partnership is concerned. Even if such view should be taken the scope of the statute would necessarily be restricted to such cases as those in which the proceeding would be in rem, because a judgment in personam would not be valid in the absence of jurisdiction of the person, which can be obtained only by voluntary appearance or personal service of process. In the case of Nathan v. Thomas, 63 Fla. 235, 58 South. Rep. 247, Ann. Cas. 1914A 387, the action was upon a promissory note against Thomas, Perry and Leighton as late copartners. There was personal service of process upon Thomas and Leighton. Perry could not be found and, of course, was not served with process. The court held that the judgment obtained was good so far as the firm assets were concerned and so far as the individual property of the two parties who were served with process was concerned. But the proceeding might just as well have been one in rem so far as partnership assets were concerned. The case merely involved the application of Section 1404, General Statutes, now Section 2601, Revised General Statutes, providing for service of process on any one member of a partnership where the process is sued out against several persons composing the firm, and providing that the plaintiff may then proceed to judgment and execution against them all.

The judgment and execution issued upon it however could only reach the partnership lands and assets and the individual property of the parties served with process, but not the individual lands of the person not served with process. See Florida Brewing Co. v. Sendoya, 73 Fla. 660, 74 South. Rep. 799.

In the case at bar the declaration was in tort. It does

not even appear that it was a tort for which the alleged partnership was liable. From anything appearing to the contrary the persons composing the alleged copartnership were sued as tort feasors. They are not sued as copartners for a tort for which the copartnership, as such, is liable. At least it does not so appear from the petition. In any case it is an action in personam in which personal judgment against the defendants is sought upon constructive or substituted service where the defendants are admittedly not subject to personal service.

A Kentucky statute similar to the one under consideration, identical in point of purpose, variant only in phraseology, was held unconstitutional. See Moredock v. Kirby, 118 Fed. Rep. 180; also Flexner v. Farson, 268 Ill. 435, 109 N. E. Rep. 327, Ann. Cas. 1916D 810, and cases cited.

We are of the opinion that the statute referred to, if valid at all, applies only to actions against persons as copartners upon partnership liabilities; that as it affirmatively appears from the petition that the action is in personam, against persons upon a joint liability in tort but not necessarily one for which the partnership, as such, or the parties as copartners are liable, the statute does not apply, that the Circuit Judge correctly quashed the service of the process.

We do not in this case consider the constitutionality of the Act. That question is reserved.

Alternative writ denied.

BROWN AND BUFORD, J. J., concur.