STATE, *ex rel.* O. J. POPE v. BOARD OF PUBLIC INSTRUCTION FOR POLK COUNTY, *et al.*

157 So. 655.

Opinion Filed November 6, 1934.

*Huffaker & Edwards,* for Relator;

*E. M. Knight, Johnson, Bosarge & Allen* and *S. L. Holland,* for Respondents.

PER CURIAM.—Where a proceeding in mandamus is brought to coerce the disbursement of public funds by the Board of Public Instruction of Polk County, Florida, as a payment to petitioner of a sum claimed by him as salary in

excess of the amounts appropriated for such salary in the general county budget as prepared under a special county budget Act (Chapter 15934, Acts 1933) applicable to Polk County, providing that no money may be lawfully disbursed except in accordance with the county budget, it is held that the members of the county budget commission are indispensable parties respondent inasmuch as it appears that it is essential that the county budget be amended in order to make the commanded disbursement lawful, if ordered pursuant to a peremptory writ.

The Comptroller is not an indispensable or necessary party in view of the fact that the only changes required to be made in the county budget are those made necessary to effectuate the command of the alternative writ of mandamus brought solely to have performed now that which it is claimed should have been heretofore done in the first instance in the initial preparation of the budget, prior to the time the Comptroller's jurisdiction attached to it.

The respondents' demurrer to the alternative writ of mandamus is sustained on the fourth ground thereof without passing on any other ground of said demurrer.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.

ON APPLICATION TO AMEND ALTERNATIVE WRIT.

PER CURIAM.—Demurrer to the original alternative writ of mandamus in this case having been sustained on the ground that the Polk County Budget Commission members were not made parties respondent (see foregoing opinion filed in this case on the 6th day of November, 1934) this is an application by relator to amend the alternative writ to bring in the parties who were absent on the former hearing of this case.

Insofar as the new parties respondent, the members of the Polk County Budget Commission under Chapter 15934, Acts 1933, are concerned, the application to amend the alternative writ of mandamus to bring them in is in contemplation of law an entirely new petition for an alternative writ of mandamus. And unless the petition against these new parties respondent, as members of the Polk County Budget Commission, makes a *prima facie* case for the issuance of an amended alternative writ against such newly made parties, the issuance of an amended alternative writ of mandamus should be denied. See practice followed in State, *ex rel.* Palmer v. Gray, 92 Fla. 1123, 111 Sou. Rep. 242. This is especially true where the Court has already fully heard oral arguments and considered briefs filed by the relator on a previous hearing ample to accord to relator his day in court on the merits of the controversy involved in the maintenance of the proceeding as against the newly made parties.

It is therefore considered, ordered and adjudged by the Court that the petition for issuance of an amended alternative writ of mandamus herein be denied on the ground that there is in effect no valid statute requiring the Board of Public Instruction of Polk County to issue its warrant in favor of relator payable out of the general school fund to pay relator a salary of $1,200.00 per annum as claimed by him in this proceeding.

Amended alternative writ of mandamus denied.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.