STATE OF FLORIDA, ex rel. MAX RIFAS, *Relator*, v. H. F. ATKINSON, W. L. FREELAND, PAUL D. BARNS and ULY O. THOMPSON, as Judges of the Circuit Court of the

Eleventh Judicial Circuit of the State of Florida in and for Dade County, *Respondents*.

137 So. 266.

En Banc.

Original Mandamus.

Opinion filed September 29, 1931.

Petition for rehearing denied October 27, 1931.

*Blackwell & Gray,* of Miami, for Relator.

DAVIS, J.—This is a case of original jurisdiction. The respondents are the four Circuit Judges of the Eleventh Judicial Circuit for the State of Florida. The object of the proceedings is to secure from this Court an Alternative Writ of Mandamus to require the respondents, as such Circuit Judges, to take jurisdiction, as an appellate Court, over a Writ of Error to the Civil Court of Record in and for Dade County, Florida, in a certain cause disposed of in the latter Court wherein the relator was the plaintiff and Gross & Baum, as co-partners were defendants, which suit resulted in a judgment for the relator which was reversed by the Circuit Court of Dade County acting through an order signed by Judges Freeland and Thompson, but which was never submitted to nor concurred in by Judges Atkinson and Barns.

The petition for the Alternative Writ is predicated upon the provisions of Chapter 15666, Acts of 1931, First Special Session (House Bill No. 66X) which was approved by the Governor on June 22, 1931. According to its terms, the Act was to take effect immediately upon its becoming a law, which was on June 22, 1931, the day it was approved. The writ of error to the Civil Court of Record from Circuit Court which forms the predicate for this proceeding was sued out February 13, 1931, returnable on April 27, 1931. The order of reversal based on this Writ of Error was signed on June 27th, 1931, by the two Circuit Judges hereinbefore referred to.

The Civil Court of Record which exists in Dade County is provided for by Chapter 11357, Acts of 1925, Special Session Laws, approved November 30, 1925. The object of Chapter 15666, Acts of 1931, supra, is to provide for and regulate writs of error from the Circuit Courts to those Civil Courts of Record in this State which are organized and exist under said Chapter 11357, Acts of 1925, and to provide a special mode for the hearing, consideration and disposition in the Circuit Court of writs of error so pro-

vided for. Section 2 of Chapter 15666 expressly provides that *all* proceedings in the Circuit Court to review any final judgment rendered in or by any such Civil Court of Record shall be by writ of error. Apparently this is intended to be the exclusive method of review with reference to matters falling within the purview of the 1931 Act, but this question need not be decided at this time. Viewed comprehensively the Act in its entirety appears to set up a new and distinct method of review by the Circuit Court of Judgments rendered in the Civil Courts of Record organized under Chapter 11357, supra. Incidental to this new scheme of review, the Act goes further and attempts to define how the review shall be accomplished and by what Judges the judgments on appeal shall be entered. Section 8 provides for participation in appellate proceedings by all the Circuit Judges of the County, it being provided that a majority of the judges shall constitute a quorum and that the concurrence of a majority of the members of the Court shall be necessary to a decision, and that in default of such concurrence the judgment of the Civil Court of Record shall be automatically affirmed.

Whether or not a statutory requirement of this kind is constitutional, is a question which has once before been raised in a case recently decided by this Court, but the question not passed upon because of our holding that the pre-existing law did not so provide, when properly construed. See          The Constitutional question involved is therefore an open one to be raised and decided in the future by due course of legal procedure.

In the case at bar, the prayer is for an alternative writ of mandamus to require the four respondent Circuit Judges of Dade County to participate as an appellate Court to hear and determine a writ of error which was sued out before Chapter 15666, supra, became effective. It is clear that whatever may be the validity or effect of said last mentioned Act, in whole or in part, that it has no application

1032

whatever to writs of error which were sued out before the new act took effect. There is therefore no duty on the part of the respondents to follow such Act in disposing of writs of error which have been sued out prior to June 22, 1931.

Furthermore, it is not alleged that *each* of the four Judges against whom the mandamus is sought are qualified to hear and determine the particular writ of error sought to be reviewed  Obviously Chapter 15666, supra, does not require a disqualified Circuit Judge to sit with his associates who may be qualified in the particular case. The Act could only be construed as requiring all the qualified Circuit Judges to sit as an appellate court, and it is not alleged that the two judges who refused or fail to participate were qualified to do so in the particular case.

The petition for the Alternative Writ of Mandamus, for the reasons hereinbefore pointed out, fails to make out a *prima facie* case for issuance of the writ by showing that the relator has a clear, legal right to the performance of the alleged duty sought to be required of the four respondent judges. The Alternative writ should therefore be denied on the authority of State ex rel. Palmer versus Gray, Circuit Judge, 92 Fla. 1123, 111 Sou. Rep. 242.

Alternative Writ of Mandamus denied.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.