STATE, *ex rel.* MERIDEN CREAMERY, v. F. M. ROBLES,
Judge.

150 So. 247.
Division B.
Opinion Filed July 6, 1933.

*Hampton, Bull & Crom,* for Petitioner;

*Whittaker Brothers* and *Chancey & Thomas,* for Respondent.

WHITFIELD, P. J.—An alternative writ of mandamus issued by this Court alleges in effect that on March 29th, 1930, a writ of error was taken to an order granting a new trial in a law action in the Civil Court of Record for Hillsborough County, returnable June 2nd, 1930, to the circuit court for said county; that on June 11th, 1930, two motions were made to dismiss the writ of error, one motion on the ground that the written directions to the clerk for the preparation of the transcript of the record on the writ of error did not specify a date when the clerk should begin the preparation of the transcript as required by the rule and the other motion on the ground that the plaintiff below who was the plaintiff in error had not paid all costs in the action as required by law as a prerequisite to the issuance of the writ of error; that the writ of error was dismissed December 18th, 1931, by only one of the Judges of the Circuit Court for Hillsborough County; that on October 29th, 1932, a

motion to vacate such dismissal of the writ of error was made; that said motion was on November 3, 1932, denied by only one of the Circuit Judges of Hillsborough County; that Chapter 15666, Acts of 1931, then in force, required such writs of error to be considered, heard and determined by both of the judges of the circuit court; that the orders dismissing the writ of error are nullities. The command of the alternative writ is that the circuit judge do "enter an order vacating said orders of dismissal, and reinstating said writ of error, and to consider, hear and determine said cause, upon said writ of error, jointly with the Honorable L. L. Parks of said circuit court, as required by law, upon its merits; or that you show cause why you have not done so," etc.

The respondent circuit judge made defensive response to the command of the alternative writ.

Relators moved for a peremptory writ.

After the writ of error from the Circuit Court to the Civil Court of Record had been dismissed by the circuit judge, Chapter 14663, Acts of 1931, became operative providing that "the Civil Court of Record in and for Hillsborough County, Florida, be and the same is hereby abolished and all cases pending in said Court on the date of its abolishment shall be transferred by the Clerk of said Court to the Circuit Court of said County and there be docketed by the Clerk of the said Circuit Court and said cases shall be tried and disposed of in said Circuit Court." This Act became effective December 31st, 1931.

It was competent for one of the circuit court judges in Hillsborough County to dismiss a writ of error taken from such court to the Civil Court of Record; and as the dismissal was upon grounds that are appropriate for dismissal of a writ of error in the circuit court, the orders of dismissal were within the jurisdiction and province of the circuit

judge, and even if error was committed in the dismissal, mandamus cannot be used to compel the circuit judge to vacate the orders of dismissal and to reinstate the writ of error. Apparent laches are not considered. The Civil Court of Record having been abolished and the cases pending in such court having been transferred to the circuit court, the case in which the new trial was granted in the Civil Court of Record is now a case pending in the circuit court for appropriate proceedings.

Peremptory writ denied.

ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J., concurs specially.

DAVIS, C. J. (concurring).—The return of the circuit judge to the alternative writ in this case shows that the writ of error from the judgment of the Civil Court of Record was sued out to the Circuit Court of Hillsborough County, *prior* to June 22nd, 1931, the date on which Chapter 15666, Acts of 1931, took effect.

Under our decision in State *ex rel.* Rifas v. Atkinson, 102 Fla. 1028, 137 Sou. Rep. 266, Chapter 15666, Acts of 1931, does not apply to any *writ of error* sued out before Chapter 15666, *supra,* took effect. Therefore the peremptory writ of mandamus should be denied as attempting to coerce the circuit judge to proceed under a statute having no application to the particular writ of error dismissed by an order signed by only one circuit judge.