STATE *ex rel.* ELIZABETH W. GARDINER, Executrix, v. W. F. BLANTON, Judge.

150 So. 263.
Division B.
Opinion Filed October 12, 1933.

*Brigham & Caldwell* and *Mitchell D. Price, Zaring & Florence,* for Relator;

· *Norris McElya,* for Respondent.

· PER CURIAM.—This cause coming on to be heard upon the motion of the relator for the issuance of a peremptory writ of mandamus pursuant to the terms of the alternative writ heretofore granted, notwithstanding the answer which has been filed in this cause by the respondent; and also upon the motion of the respondent to quash the alternative writ;

and it being the opinion of a majority of the Court that the answer of the respondent to the alternative writ sufficiently shows that the orders made and entered by the respondent are in compliance with the commands of said alternative writ;

It is hereby ordered and adjudged that the motion for issuance of the peremptory writ be and the same is hereby denied, and it is further ordered that the alternative writ herein be and the same is hereby quashed and the petition therefor dismissed, at the cost of the relator.

The alternative writ was issued to require the respondent County Judge to make an order on the propositions submitted to him, not to direct or control the kind of order to be made. The judge's return certifies that he did, after the alternative writ was issued, make an order concerning each and every one of the subjects upon which the alternative writ required him to act. This was a sufficient return.

The majority view is that it is not within the province of this Court in the instant case on the present writ of mandamus to undertake to control or direct the County Judge as to what kind of orders he shall enter, whether those he has entered are erroneous or not, since he is entitled to formulate his own judgments on the subjects he has undertaken to rule upon. Nor is anything to be implied from what is said in the present case, or from its result, that will restrict the right of the parties to offer any appropriate pleadings, or to take any other steps before the County Judge or the Circuit Court, looking to a proper presentation and retrial of the case before the County Judge pursuant to the mandate of this Court. Nor does this Court herein or hereby approve or disapprove what has been done by the County Judge as proper and right to be done, that question not being one for decision on mandamus.

It is to be assumed that the County Judge will actually retry the case as he was directed to do by the mandate. Such a retrial does not necessarily mean that all the witnesses must be personally recalled and re-examined. It is sufficient that such parts of the old record shall be re-offered in evidence and reconsidered by the County Judge as may be relevant or material to the issues, supplemented and added to by any additional evidence the parties may care to submit in addition thereto.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN and BUFORD, J. J., dissent.