STATE, *ex rel.* A. M. ANDREASON, *et al.* v. J. T. DUNCAN, *et al.* as members of the Board of Public Instruction, Jackson County.

150 So. 587.

En Banc.

Opinion Filed Oct. 30, 1933.

*James H. Finch,* for Relators;

*Carter & Pierce,* for Respondents.

PER CURIAM.—This cause coming on to be heard upon the relator's demurrer to the return of the respondents to

the alternative writ of mandamus herein, and the same having been argued by counsel for the respective parties, and the Court being advised of its opinion in the premises, it seems to the Court that the demurrer to the return should be visited upon and sustained to the alternative writ of mandamus on the ground that the alternative writ of mandamus commands more than the law requires of the respondent Board of Public Instruction of Jackson County.

It is therefore considered and ordered by the Court that the demurrer of the relators interposed to the return of the respondents be and the same is hereby sustained to the alternative writ of mandamus, with leave to the relators to file an amended alternative writ of mandamus within fifteen days, if they so desire.

Demurrer sustained as to alternative writ of mandamus.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

BUFORD, J. (concurring specially).—I concur in the order of this Court visiting the demurrer to the return to the alternative writ upon the alternative writ itself; not upon the theory, however, that the petitioners are not entitled to relief, but because the alternative writ commands the respondents to desist from a discrimination by pursuing a certain course.

The opinion and judgment in the case of Malournek v. Highfill et al., 100 Fla. 1428, 131 Sou. 313, is authority for the proposition that the furnishing of transportation for school children from the rural school districts who are required to travel several miles to reach the location of a central school is a proper expenditure to be incurred by the County Board of Public Instruction to be paid from the County School Fund as a part of the necessary expense incident to the attendance of the children in school.

This does not mean, however, that the several school boards of the several counties in the State are by law required to furnish such transportation, but it does mean that if such method is adopted by a school board for the purpose of facilitating the attendance of children in the schools that the expense thereof is proper and justified.

If such course is adopted by the School Board, then it must apply the facilities and conveniences alike to all those who are entitled to participate in the benefits of the public school system of the county and who reside at great distances from the schools, and it would not be proper or lawful to furnish such facilities and conveniences to some of those entitled to participate in the benefits of the public school and withhold them from others like situated as to distance.

Section 427 R. G. S., 493 .C. G. L., provides as follows: "UNIFORM SYSTEM OF PUBLIC INSTRUCTION. SCHOOL AGE.— There shall be established and maintained a uniform system of public instruction free to all the youths residing in the State between the ages of six and twenty-one years, as far as the funds will admit, as hereinafter provided." (Ch. 3872, Acts 1889, No. 1.)"

Whether or not the furnishing of transportation for school children will be adopted by a county is a matter within the discretion of the County School Board, but if it is adopted as a part of the school system of the county, then it becomes the duty of the Board to furnish the same to *all* entitled to the benefits of the schools like situated as to distance without discrimination.

Where discrimination is shown to exist the courts may not direct the discretion of the School Board, though they may compel the elimination of the discrimination by requiring the School Board to elect either to furnish transportation to all alike or to furnish it to none.

In this case the command of the alternative writ did not leave it to the County School Board to exercise its discretion in the process of eliminating the alleged discrimination and for that reason the writ was subject to demurrer.

DAVIS, C. J., concurring.