STATE, *ex rel.* NORVAL G. ALLEN, v. CARL H. ROSE, W. H. DONOVAN, T. A. JOHNSON, R. R. SAUNDERS and ROGER H. WEST, as and constituting the members of the State Racing Commission of the State of Florida, .CARL G. ROSE, as Chairman of said Commission, and W. H. DONOVAN, as Secretary of said Commission.

167 So. 21.
Opinion Filed March 30, 1936.

*Shutts & Bowen, Charles A. Carroll, William K. Whit-field* (of Tallahassee) and *Loftin Stokes & Calkins,* for Relator;

*T. G. Futch* and *S. P. Robineau,* for Respondents.

BROWN, J.—This is a mandamus proceeding brought by the relator against Carl G. Rose and others, as and constituting the members of the State Racing Commission of the State of Florida, to compel the members of said commission "to convene forthwith and, without any undue delay, by resolution revise your said rule which presently requires the registry of dogs in the American Kennel Club as a condition or qualification for the racing of such dogs in this State, so that the registration of such dogs in the National Coursing Association stud book shall also constitute sufficient registration qualifications for the racing of such dogs in this State; and that you, the respondent, Carl G. Rose, Chairman of said Commission, and you, the respondent, W. H. Donovan, Secretary of said Commission, do sign and

attest any and all instruments and resolutions necessary to accomplish the same; OR, that you, the respondents, and each of you, in your capacities herein designated, do appear before this Court in the Court Room of this Court, at Tallahassee, Florida, on the 31st day of December, A. D. 1935, at nine-thirty o'clock in the forenoon thereof, and show cause, if any you have, why a peremptory writ of mandamus shall not issue from this Court commanding the same to be done; and have you then and there this writ."

The allegations of fact in the alternative writ and the petition therefor, are quite similar to those contained in the petition and writ which were before this Court in the case of State, *ex rel.* Mason, *et al.,* v. Rose, *et al.,* 165 So. 347, and which are briefly summarized in the opinion in that case, which was decided by this Court on January 22nd of this year; the only material difference being that in the present petition and the alternative writ it is alleged that, subsequent to the filing of the response in said case of State, *ex rel.* Mason, *et al.,* v. Rose, the National Greyhound Breeders and Racing Association had severed all official connection with the National Coursing Association and that the two associations are now completely divorced the one from the other. But it appears that the members of the Racing Association are also members of the Coursing Association. We cannot see that this change in the situation affects the validity of the rule which was adopted on October 21, 1935, by the State Racing Commission, which rule is set out in the opinion of State, *ex rel.* Mason, v. Rose, above cited. In the opinion in that case this Court by unanimous decision sustained the validity of the first sentence of the rule so adopted by the Racing Commission, and which reads as follows: "The owner of any dog desiring to enter the same in any race meeting conducted under license from the Florida

State Racing Commission shall submit to such licensee evidence showing qualifications of said dog to enter such racing meeting, together with evidence of its registry with the American Kennel Club." But the command of the alternative writ is not that the State Racing Commission·expunge or repeal that portion of the rule above quoted, but the command is that the State Racing Commission revise said rule so that the registration of dogs in the National Coursing Association stud book shall also constitute sufficient registration qualifications for the racing of dogs in this State. In other words, the relators are asking this Court to require the State Racing Commission to meet and adopt a new rule by which registration of dogs in the National Coursing Association shall be given the same effect as a qualification for the racing of dogs in this State as is now accorded by the State Commission's rule to registration in the American Kennel Club.

The Legislature has vested the State Racing Commission with the power to make rules and regulations appropriate to the accomplishment of the purposes of the Act. That power is not vested in this Court, and as the exercise of this rule-making power involves the exercise of the discretion and judgment of the board, this Court cannot, by writ of mandamus or otherwise, dictate the rules of the board or command them to adopt any particular rule. This Court has never gone that far, and to do so would be to depart from the fundamental principles which separate the judicial from the legislative, executive and administrative departments of the government, as well as to go contrary to the well settled principles applicable to mandamus proceedings. Thus, in 18 R. G. L. at page 116, it is said:

"It is a frequently asserted and universally recognized rule that mandamus only lies to enforce a ministerial act or duty;

in this sense a ministerial duty may be briefly defined to be some duty imposed expressly by law, not by contract or arising necessarily as an incident to the office, involving no discretion in its exercise, but mandatory and imperative. The distinction between merely ministerial and judicial and other official acts is that where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial; but where the act to be done involves the exercise of discretion or judgment, it is not to be deemed ministerial."

To like effect, see 38 C. J. 593.

To hold otherwise would be to substitute the judgment and discretion of the court issuing the mandamus for that of the court, officer or official board to whom such judgment and discretion has been committed by law. Thus, while mandamus may be invoked to compel the exercise of discretion, it cannot compel such discretion to be exercised in any particular way. Commencing with the case of Towle v. State, 3rd. Fla. 202, this Court has in a long line of cases steadily adhered to this principle. Among these cases is the case of Florida C. & P. R. Co. v. State, 31 Fla. 482, 13 So. 103, 34 A. S. R. 419, in which the opinion was written by Mr. Justice TAYLOR. In one of our recent cases on this subject, State, *ex rel.* Board of Commissioners, v. Helseth, *et al.,* 104 Fla. 208, 140 So. 655, Mr. Justice DAVIS, speaking for this Court, said: "A writ of mandamus is issued only to require the performance of a plain official duty on the part of respondents. It is issued to require the person to whom it is directed to perform some act which the law enjoins as a duty, and it confers no power and creates no duty of itself." And in State v. Richards, 50 Fla. 284, 39 So. 152, this Court held that mandamus lies to compel the per-

formance of a ministerial duty, where such duty does not involve the exercise of discretion or judgment by the officer, and the relator has a clear legal right to have such duty performed. As we have held in several cases that mandamus never lies to enforce the performance of private contracts. And in State v. Florida Coast Line Canal Co., 73 Fla. 1006, 75 So. 582, L. R. A. 1917 F, 776, we held that the ordinary office of a writ of mandamus is to coerce the performance of single acts of specific and imperative duty and that the Court would not undertake to compel the performance of a series of continuous acts where it is impossible for it to furnish that superintendence without which its mandate would become nugatory. We have also held in a long line of cases that the writ will not be issued in cases of doubtful right, but it must appear that the relator has a clear legal right to the performance by the respondent of the particular duty in question. Thus, it will not lie to enforce a right which is conditional or incomplete by reason of conditions precedent which have not been, or which are still to be performed by the petitioner. Lamb v. Harrison, 91 Fla. 929, 108 So. 671. So here, it is not alleged that relator has applied for and been refused the right to register by the American Kennel Club, or that he would be refused registration if he should apply. Where the duty is discretionary, mandamus does not lie, State v. Atkinson, 97 Fla. 1032, 122 So. 794; Gamble v. State, 61 Fla. 233, 34 So. 370; State v. Barnes, 25 Fla. 298, 5 So. 722. In the case of State, ex rel. Pinellas County, v. Sholtz, et al., 115 Fla. 561, 155 So 736, it was held that although the State Board of Administration had authority to exchange original bonds in the sinking fund of a county, and road and bridge districts located therein, for refunding bonds issued by such road and bridge district, there was no mandatory duty devolving upon

board to make such exchange simply because it was demanded by the Board of County Commissioners, and hence a peremptory writ of mandamus was refused. The Court suggested an appropriate proceeding in equity to determine the questions involved. In State, *ex rel.* Palmer, v. Atkinson, 156 So. 726, we held that where it is sought to coerce a public officer in the performance of a public duty, the relator must have a clear legal right to the enforcement by the officer of that duty and no adequate method of redress other than mandamus must exist. See also in this connection, State v. Blanton, 112 Fla. 303, 150 So. 263; State, *ex rel.* Hillman, v. Hutchins, in 118 Fla. 220, 158 So. 716; State v. Robles, 111 Fla. 276, 150 So. 247; State v. Duncan, 116 Fla. 193, 150 So. 587. Where relator's right to mandamus appears doubtful under the pleadings, motion to quash must be granted. State, *ex rel.* Barton, v. State Racing Commission, 116 Fla. 795, 156 So. 910. In State, *ex rel.* Rullidge, v. Hollingsworth, *et al.,* this Court held that mandamus would lie to require the State Board of Medical Examiners to vacate an order illegally revoking the license of a physician made without notice or hearing. In State, *ex rel.* West Flagler Amusement Co., v. Rose, 165 So. 60, we held that mandamus lies to require the State Racing Commission to rescind its arbitrary and unlawful action in the fixing of dates for dog racing, no other adequate method of redress being available. And in the case of State, *ex rel.* Mason, *et al.,* v. Rose, *et al., supra,* we held as above stated, that in a mandamus proceeding the State Racing Commission could be required to rescind and vacate that portion of one of its rules which it had no lawful authority, to enact; and in State, *ex rel.* Pinellas Kennel Club, v. State Racing Commission, 116 Fla. 143, 156 So. 317, we held that mandamus would lie to require the issuance of a permit by the Com-

mission which it had no discretion under the circumstances to deny, and where no other adequate legal remedy existed. These last four cases represent an extension of the remedy of mandamus somewhat beyond the boundaries recognized in our previous decisions. However, there are cases in other jurisdictions which support the four cases cited. See 38 C. J. 673-689. But we have been cited to no case which would authorize this Court to require a State administrative board to *adopt* any particular rule, and while we have gone so far as to hold that mandamus lies to require a State administrative board to vacate an administrative rule which it had no lawful authority to enact, in the exercise of its quasi-legislative powers, certiorari is sometimes the appropriate remedy to review any action taken by such a board of a quasi-judicial nature. But mandamus should not be resorted to when there is another adequate remedy. And when it comes to the matter of restraining the enforcement of a statute, ordinance or an administrative rule or order, claimed to be illegal, and to threaten irreparable injury to the complainant, the remedy by injunction is ordinarily appropriate and adequate. See 14 R. D. L. 435-442; City of Gainesville v. Gas & Electric Power Co., 65 Fla. 404, 52 So. 919; Maxcy v. Mayo, 103 Fla. 552, 139 So. 121; Van Deman, etc., Co. v. Rast, 240 U. S. 342, 36 S. C. 370, 30 L. Ed. 679; Coen v. Lee, 116 Fla. 215, 156 So. 747. In the case of Six Mile Creek Kennel Club v. State Racing Commission, 160 So. 58, 119 Fla. 142, we held that certiorari was the proper remedy to test the validity of a State Racing Commission's order, an order quasi-judicial in its nature, revoking a permit and license to conduct a dog track for alleged non-payment of license fees. The opinion in that case cited as authority for this proposition, the cases of Prettyman, Inc., v. Florida Real Estate Commission, 92

Fla. 515, 109 So. 442, and Florida Motor Lines, Inc., v. Railroad Commission, 100 Fla. 538, 129 So. 876.

Undoubtedly, as a general rule, mandamus is a remedy to command the performance of a ministerial act which the relator has the right to demand and which it is the plain official duty of the respondent to perform, whereas certiorari lies to review the erroneous or unwarranted acts or proceedings of courts and public bodies exercising judicial or quasi-judicial powers, where no remedy by appeal or writ of error is provided. However, as was held in the case of West Flagler Amusement Co. v. State Racing Commission, 165 So. 64, an order of the State Racing Commission apportioning dog racing dates in a particular county among competing licensees was held devoid of any judicial quality and not reviewable by certiorari. This ruling is also applicable to an order of the State Racing Commission adopting a rule or rules, such as the one involved in this case. In the above opinion of Mr. Justice DAVIS in the last cited case a distinction was made between administrative or quasi-legislative orders and orders of a quasi-judicial character which an administrative board cannot lawfully make except after express statutory notice, hearing and consideration of evidence adduced, as a basis for the making of such order. It is only in the latter class of cases that certiorari lies against an administrative board. Mr. Justice DAVIS has performed a useful service to the bench and bar of the State by the distinction which he has drawn between the remedies of mandamus and certiorari as a means of compelling or reviewing the action of administrative boards.

Rights and remedies are so closely interwoven in the law that it becomes necessary to clearness of thought and the efficiency of judicial procedure to preserve as distinctly as possible the lines of demarcation between the different forms

of remedies. Rights are more important than remedies and substantive law is more important than adjective law. But both are important. Remedies are a means to an end. The end is the efficient ascertainment and administration of justice under the law. But this highly desirable end can be best reached when the proper means to arrive at it are adopted.

The alternative writ of mandamus in this case does not attack the validity, or seek the setting aside, of that part of the rule of the State Racing Commission which we have already upheld in the case of State, *ex rel.* Mason, v. Rose, *supra,* which was handed down on January 22, 1936. However, in the briefs and oral arguments in this case the authority of the State Racing Commission to adopt such a rule, or in fact any rule, is questioned. We do not think that under the amended alternative writ in this case this question of the rule-making power of the commission can be raised. But if it could be, we are not yet disposed to overrule the decision which we have already handed down just a few weeks ago, in which all members of the Court concurred, and in which we held that Chapter 17,276, Laws of 1931, validly authorizes the State Racing Commission to make rules and regulations reasonably appropriate to the accomplishment of the purpose of the Act, and that the first sentence of the rule adopted by the commission on October 21, 1935, was and is a valid rule. Without further discussion of this question, which we deem inappropriate under the pleadings, we might say that our previous decision is strongly supported by the well considered case of Grainger, *et al.,* v. Douglas Park Jockey Club, 148 Fed. 513, 8 Ann. Cas. 997, a case decided by the Circuit Court of Appeals of the 6th Circuit; State Racing Commission v. Latonia Agricultural Association (Ky.), 123 S. W. 681, 23 L. R. A. N. S.

905, and Pacific States Box & Basket Co. v. White, recently decided by the Federal Supreme Court, Adv. Sheets No. 2, Vol. 80, L. Ed. p. 133, citing the Slaughter House cases, 16 Wall. 36, 21 L. Ed. 394. See also 62 C. J. 845, where a number of other cases are cited.

The view which we take of this case renders it unnecessary to consider the several other questions which have been raised by the motion to quash and argued in the very able briefs submitted to the Court by counsel for the respective parties.

For the reasons pointed out, the motion to quash the amended alternative writ is granted, with leave to the relator to apply to amend the same as he may be advised within ten days from the date of this order; otherwise, that is, if no amendment be applied for, and held allowable and sufficient, the constitutional writ of injunction heretofore granted by this Court will stand dissolved.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.

BUFORD, J., concurs in the conclusion.