STATE OF FLORIDA, *ex rel.* M. G. MURRAY, Relator, v. L. L. LEE, as City Manager of the City of Miami, Florida; GERALD L. ASH, as Director Department of Public Welfare of the City of Miami, Florida; A. E. FULLER, as Director of Finance of the City of Miami, Florida, and THE CITY OF MIAMI, FLORIDA, a municipal corporation, respondents.

4 So. (2nd) 117
Division A
Opinion Filed October 7, 1941

*Walter O. Marshburn,* for Appellant;

*J. W. Watson, Jr.* for Appellees.

ADAMS, J.—This appeal is from an order quashing an alternative writ of mandamus.

The petition for the original writ disclosed among other things that relator was employed by respondent City as General Foreman of Parks and was so classied under the civil service regulation of said City.

Section 65 (a) Charter of the City reads as follows:

## "SECTION 65

"(a) Any officer or employee in the classified service may be removed, suspended, laid off, or reduced in grade by the city manager or by the head of the department in which he is employed, for any cause which will promote the efficiency of the service; but he must first be furnished with a written statement of the reasons therefor and be allowed a reasonable time for answering such reasons in writing, which answer, if he so requests, shall (so far as the same is relevant and pertinent) be made a part of the records of the board; and he may be suspended from the date when such written statement of reason is furnished him. No trial or examination of witness shall be required in such case except in the discretion of the officer making the removal; in all cases provided for in this paragraph the action of the City Manager or head of the department shall be final."

Pursuant to same the Director of Public Welfare suspended relator on written charges of disobedience and neglect of duty. Relator answered the charges and a trial was had, according to the City Charter which resulted in relator's removal.

The trial judge stated in the order:

"The Court finds that the Relator was given a written statement of the reasons of his suspension by the Director of Public Welfare, Gerald L. Ash, was

likewise given an opportunity to be heard in his defense, and a trial was held and the Charter provisions of Section 65 (a) above set forth was in all respects complied with."

"It should be remembered that mandamus is an extra-ordinary remedy and the Relator must show a clear legal right to the performance by the Respondent of the particular duty in question, and that if it were a doubtful question, the burden being upon the Relator to show a clear right to the office, this doubt should be resolved in favor of Respondents."

The judgment of the lower court was correct, see State, *ex rel.* v. Rose, *et al.,* 123 Fla. 544, 167 So. 21; and City of Miami Beach v. State, *ex rel.* Epicure, Inc., and cases there cited decided at this term.

The judgment is affirmed.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.