HOBSON, Justice.
Appellants filed their petition for writ of mandamus in the court below alleging that they had sought to secure a license to operate a trailer park in the City of Eau Gallie, Florida, and that their request was refused by the City Council because it had, shortly prior to the filing of the application by appellants, passed an ordinance providing that trailer parks should be licensed but that no trailer parks should be licensed to operate within the city limits of Eau Gallie unless it was located in a non-residential area; that the ordinance was invalid and unconstitutional because, among other reasons, it did not contain within its four corners a formula or yardstick for the determination of just what would constitute a non-residential area and that there were no such areas designated by any comprehensive zoning ordinance.
After the issuance of alternative writ, motions to quash and to dismiss were filed by appellees. The learned Circuit Judge granted the motion to quash and dismissed the action. The appeal is from that order.
Counsel for appellees take the position that appellants did not show that there was a clear legal duty upon the appellees to issue to appellants a license to operate a trailer park in that they failed to establish the fact that they had in existence, at the time of their application for the license, a trailer park which they might operate thereunder and that the issuance of a license to operate something not in existence could not be coerced by mandamus.
We appreciate the fact that the appellants, from a practical standpoint, did not desire to expend the money necessary to equip their proposed trailer park with proper sanitary and other facilities before ascertaining whether they in fact might secure a license for such business. However, we have repeatedly held that mandamus *878 is a legal remedy which is not awarded by a court as a matter of right but only in the exercise of sound judicial discretion and relator is required to establish a clear right to its existence and to show that no other adequate remedy exists. City of Miami Beach v. State ex rel. Epicure, Inc., 148 Fla. 255, 4 So.2d 117, and cases therein cited. See also Somlyo v. Schott, Fla., 45 So.2d 502 and State ex rel. Keen v. Overstreet, Fla., 47 So.2d 621.
Appellants have failed to show that no other adequate remedy exists. In such a situation we are forced to the conclusion that the Circuit Judge who dismissed the alternative writ of mandamus should not be held in so doing to have abused his sound judicial discretion.
Affirmed.
TERRELL, SEBRING, MATHEWS and DREW, JJ., concur.
ROBERTS, C. J., and THOMAS, J., dissent.