346 So.2d 105 (1977)
Theodore BERRY et al., Appellants,
v.
The Honorable C. Archie CLEMENT, As County Judge, Appellee.
No. 76-1774.
District Court of Appeal of Florida, Second District.
May 18, 1977.
*106 J.E. Satterfield, The Legal Aid Society of Clearwater, Inc., for appellants.
Alex D. Finch, Clearwater, for appellee.
OTT, Judge.
Appellants appeal the dismissal of an alternative writ of mandamus issued by the Pinellas County Circuit Court directing the county court to reinstate appellants' pleadings in a cause before it. Appellants' pleadings were dismissed for the sole reason that they were not timely filed. We hold that the filing was timely and reverse.
Appellants' landlord brought summary eviction proceedings against them in county court. Process was served upon appellants on Thursday, August 5, 1976. Appellants filed and served their answer, affirmative defenses and counterclaim on the following Wednesday, August 11, 1976. Six days had elapsed including the intermediate Saturday and Sunday.
Section 51.011, Florida Statutes (1975), which governs summary procedure, requires service of the defendant's answer within 5 days after service of process.
At issue here is the method of computing the time period allowed for the filing of appellants' answer. The statute does not prescribe the method. However, Fla.R. Civ.P. 1.090 does; it provides:
In computing any period of time prescribed by these rules, by order of court or by any applicable statute, ... [w]hen the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.
The Florida Rules of Civil Procedure apply to special statutory proceedings, although the form, content, procedure and time for pleading prescribed in the statutes governing such proceedings are controlling unless the rules specifically provide to the contrary. Fla.R.Civ.P. 1.010. Since Section 51.011, Florida Statutes (1975) does not prescribe the method of computing the fiveday time period allowed for the filing of defensive pleadings, Fla.R.Civ.P. 1.090 is applicable and intermediate Saturdays and Sundays must be excluded. Moffett v. MacArthur, 291 So.2d 134 (Fla. 4th DCA 1974).
When the intermediate Saturday and Sunday are excluded from the computation of the time allowed in the case at bar, the elapsed period totals four days. Consequently, appellants' pleadings were timely filed and should not have been dismissed.
However, mandamus was not the proper remedy here. If the error committed by a court is one made in the course of the exercise of legitimate jurisdiction, then mandamus will not lie to compel correction of the error. State ex rel. Meriden Creamery v. Robles, 111 Fla. 276, 150 So. 247 (1933).
*107 The petition for writ of mandamus, having been filed within thirty days of the county court's dismissal of appellants' pleadings, however, the discretionary writ of common law certiorari would have been viable, assuming no other adequate remedy at law was available.
Here, the assailed order was a nonappealable interlocutory order at law and, ordinarily, the defendant/appellant would have been required to obtain a final order and appeal therefrom. This was a summary statutory proceeding, though, and the parties are entitled to a summary disposition. Therefore, it would appear that the circuitous route of compulsory remand for the entry of a final judgment, and then a review by the circuit court in its appellate capacity, would frustrate the summary purpose of the statute. Accordingly, the remedy of appeal would be inadequate and common law certiorari was appropriate. The circuit court should therefore have treated the petition as a petition for common law certiorari and granted it.[1]
The circuit court's order is hereby quashed and the cause remanded to the circuit court with directions to issue its gracious writ of common law certiorari vacating the county court's order.
HOBSON, Acting C.J., and McNULTY, J., concur.
NOTES
[1] The Florida Constitution, Article V, Section 2(a) provides that "The supreme court shall adopt ... a requirement that no cause shall be dismissed because an improper remedy has been sought," and pursuant to that mandate, the Supreme Court has held that a cause which has merit is to be entertained in whatever form is proper. State v. Johnson, 306 So.2d 102 (Fla. 1974).