BASKIN, NATALIE, Associate Judge.
This is an appeal from a Final Judgment in Lessors’ favor. The trial court held Lessees violated their lease by failing to pay rent and denied Lessees’ counter-claim for wrongful eviction damages.
The facts were presented for appeal by stipulated statement. Lessees occupied a home improvement store pursuant to a written lease executed September 28, 1973. The premises were subleased for the month of June, 1974, and payment was received by Lessors for June. No July payment was received by the Lessors although it had been paid by Sublessees to Lessee.
On July 23, 1974, after unsuccessful conferences attempting to renegotiate the lease, Lessors changed the locks on the empty premises thereby excluding Lessees.
Lessees contended the lease was breached by the Lessors’ acts locking them out of the premises prior to the giving of written three-day notice. Written notice was not sent by an attorney for the Lessors until August 18, 1974. The trial court held this notice was sufficient.[1]
Lessors contended the lease required payment on the first of each month without demand and, therefore, a written notice of default was not required as a -condition *44 precedent to enforcement of the lease. In addition, they asserted Lessees had actual notice the rent was overdue from phone calls and conferences with Lessors. Lessors maintained the premises were abandoned, giving them the right to reenter.
We disagree and reverse.
The lease executed by the parties requires the payment of rent in advance without demand on the first day of each month.
In paragraph 19, the lease states:
“The happening of any one or more of the following listed events (hereafter referred to singly as ‘EVENT OF DEFAULT’ and plurally as ‘EVENTS OF DEFAULT’ shall constitute a breach of this lease agreement on the part of LESSEE, namely:
b. The failure of Lessee to pay any rent payable under this lease agreement and the continued failure to pay the same for three (3) days or more after written notice of such failure of payment given to Lessee by Lessor.”
Paragraph 19 also provides for actions which the Lessor may take upon the happening of any event of default at his election, in writing. It states:
“Upon the happening of any event of default, Lessor, if he shall so elect, may (1) terminate the term of this lease agreement, or (2) terminate Lessee’s right to possession and occupancy of the premises without terminating the term of this lease, or (3) pursue any remedies provided by the. laws of the State of Florida for the repossession of the premises and/or the collection of the rent, and in the event Lessor shall exercise such right of election the same shall be effective as of the date of the event of default upon written notice of Lessor’s election given by the latter to Lessee at any time after the date of such event of default.”
Under the clear terms of the lease, the default comes into being only upon the happening of two events: the failure of Lessee to pay any rent payable under the lease agreement and the continued failure tolfe-v the same for three days or more after written notice of such failure of payment given to Lessee by Lessor. We find that those events did not occur in accordance with the lease agreement prior to Lessors changing the locks. Since the event of default had not occurred, Lessors’ election of remedies was premature on July 23rd as well as on August 18th. The parties are bound by the terms of the lease and by Chapter 83, Florida Statutes. Ardell v. Milner, 166 So.2d 714 (Fla. 3rd DCA 1964); Waits v. Orange Creek Turpentine Corporation, 123 Fla. 31, 166 So. 449 (1936). The written notice of default held sufficient by the trial court was sent some three weeks later, on August 18th.
The remaining support for the trial court’s conclusion was its finding that Lessees had abandoned the premises. This finding is unsupported by the testimony. The parties were engaged in discussions concerning the lease precluding an inference that Lessees had intended to abandon the premises.
Reversed and remanded for proceedings consistent with this opinion.
DAUKSCH, J., concurs.
ANSTEAD, J., dissents without opinion.

. The trial court found, in part:
1. “The Court finds that the plaintiff attorney’s letter of August 18, 1974 fulfills the written notice requirement of paragraph 19(b) of the Lease Agreement, and that the defendants had been in default under the lease from July 1, 1974.
2. The Court finds that the terms of the lease set out in paragraphs 19 & 21 were not conditions precedent to the existence or enforcement of the lease, but that the lease may be enforced directly by actual notice being given that a default had occurred and that the plaintiff did proceed according to law. The default is clear, actual notice was given by phone, direct conference and by the letter of August 18, 1974 and the plaintiff did not waive any rights he had under the lease by any of his actions.
3. The Court finds that the defendants breached and abandoned the lease and the plaintiff was entitled to take the second course of action available to a landlord when a tenant breaches or abandons his lease as set out in Diehl v. Gibbs, 173 So.2d 719 (Fla. 1st DCA 1965); that is, ‘he may retake possession of the premises for the account of the tenant, holding the tenant in general damages for the difference between the rentals stipulated to be paid and what, in good faith, the landlord is able to recover from a reletting.’
4. There is due and owing the plaintiff $4200 in general damages under the lease.”