## MIHALEY v WHITE

Case No. 85-1156 EV

County Court, Sarasota County

January 17, 1986

### APPEARANCES OF COUNSEL

Richard J. Mihaley, pro se.

Benjamin Ochshorn, Gulfcoast Legal Services, Inc., for defendant.

### OPINION OF THE COURT

BECKY A. TITUS, County Judge.

This is an action for eviction for nonpayment of rent. The landlord, Richard J. Mihaley, served the tenant, James White, with a petition and summons for tenant eviction from dwelling on December 16, 1985. On December 23, 1985, the tenant served upon the landlord by U. S. mail a motion to dismiss the petition. No money was deposited into the

Court registry by the tenant. The cause came on to be heard on January 3, 1986.

At the hearing, the tenant moved to dismiss the petition on the ground that the notice to pay rent or vacate relied upon by the landlord was defective on its face, in that it required the tenant to make an allegedly due rental payment on the date of the notice, instead of providing the tenant with three days to make the payment as required by Fla. Stat. Section 83.56(3) (1985). The tenant was not present at the hearing and therefore did not present any testimony.

The Court agrees with the tenant that this action should be dismissed. Chapter 83.56(3), Florida Statutes (1985), provides that the landlord may terminate a lease for nonpayment of rent only:

> If the tenant fails to pay rent when due and the default continues for three days, excluding Saturday, Sunday, and legal holidays, after delivery of written demand for the landlord for payment of the rent or possession of the premises . . .

In the instant case, the landlord provided the tenant with a notice to pay rent or vacate on December 9, 1985 that demanded payment or possession "within three days from the day of this notice, to-wit: on or before the 9th day of Dec., A.D. 1985." The notice did not give the tenant three days to make the allegedly due rental payment. It therefore did not comply with Fla. Stat. Section 83.56(3) (1985). The landlord has not stated a basis for an eviction action recognized by Florida law, and this Court is therefore without subject matter jurisdiction to hear this case.

The tenant was not required by Florida law to file an answer or make a deposit into the Court registry for the Court to hear his motion to dismiss. The tenant's motion was made pursuant to Chapter 51, Fla. Stat. (1985), and the Florida Rules of Civil Procedure, which, under Rule 1.010, Fla. R. Civ. P. (1985), apply to landlord-tenant cases to the extent that they are not superseded by Chapter 51, Florida Statutes. *Berry v. Clement*, 346 So.2d 105 (Fla. 2d DCA 1977). A motion to dismiss is not a "defense" required by Fla. Stat. Section 51 to be made in the tenant's answer, or which requires a deposit into the Court registry pursuant to Fla. Stat. Section 83.60(2) (1985). Under both Chapter 51 and the Florida Rules of Civil Procedure, motion practice is permitted, and a motion to dismiss tolls the time for filing, and is separate and distinct from, an answer. *Aetna Life Ins. Co. v. County Casuals, Inc.*, 5 Fla.Supp.2d 107 (Orange County 1983).

The basis for this distinction is clear. The ground for a motion to

58

dismiss is that the pleadings are a nullity which the Court, independent of the filing of the motion, has inherent power to dismiss. A defense, by contrast, merely raises an allegation that must later be proved at trial.

The landlord's petition for eviction is therefore dismissed with prejudice.