# P & N ENTERPRISES, INC. v LAMPCOMB
## Case No. CC88-18
County Court, Osceola County

March 7, 1988

**APPEARANCES OF COUNSEL**

**Frank M. Townsend** for plaintiff.
**Richard B. Cato** for defendant.

## OPINION OF THE COURT

RONALD A. LEGENDRE, County Judge.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
### *AND DENYING PLAINTIFF'S FOR REHEARING*

THIS CAUSE is before the Court on Defendant's Motion for Rehearing. Plaintiff's Motion follows this Court's ruling on March 2, 1988 granting Defendant's Motion To Dismiss. After considering applicable legal authorities and the arguments of counsel, the Court finds as follows:

## I. THE FACTS AS CONTAINED IN THE PLEADINGS

A. Plaintiff P & N ENTERPRISES, INC., filed an eviction action on January 18, 1988 to evict the Defendant, LAURIE LAMPCOMB, for nonpayment of rent. Attached to Plaintiff's Complaint was a notice which provided in pertinent part:

### NOTICE OF EVICTION

TO: Laurie Lampcomb
2534 Sunset Drive
Kissimmee, Florida 32741

You are hereby notified and advised to remove from premises now occupied by you and owned by Robert M. Fikkus, within three (3) days from the date of this notice or in alterative to pay *$770.00* due as of *November 21st and December 1987* This notice is supplied to you in accordance with Section 83.03 of the Florida Statutes Herein Fail Not.

*Robert M. Firkus*

B. On January 25, 1988, Defendant filed a Motion to Dismiss Plaintiff's Complaint. The Defendant argued that Plaintiff's notice was defective and not in substantial compliance with Florida Statutes Chapter 83.56(3).

C. On March 2, 1988, a hearing was held on Defendant's Motion To Dismiss. At the hearing, Plaintiff objected to Defendant arguing his motion since Defendant had not deposited the accrued rent into the Registry of the Court.

D. Plaintiff argued that pursuant to Florida Statutes Chapter 83.60(2), Defendant's Motion was a defense, and the statute unequivocally mandated the deposit of rent before Defendant's Motion could be heard. In support of his argument, Plaintiff cited *K.D. Lewis Enterprises Corp. v. Smith*, 445 So.2d 1032 (Fla. 5 DCA 1984).

E. Defendant argued that he was not required to deposit money into the Registry of the Court before his Motion was heard. In support of his argument, Defendant cited *Mihaley v. White*, 15 Fla.Supp.2d 57 (Sarasota County, 1986); and *Aetna Life Ins. Co. v. County Casuals, Inc.*, 5 Fla.Supp.2d 107 (Orange County, 1983).

F. On March 2, 1988, this Court held that the Defendant was not required by law to make a deposit into the Registry for the Court to

hear his Motion to Dismiss. This Court went further to dismiss Plaintiff's Complaint where Plaintiff's notice to pay was not in substantial compliance with Florida Statutes Chapter 83.56(3).

G. After the Complaint was dismissed, Plaintiff filed a Motion For Rehearing on the issue whether a tenant may argue a motion under Florida Rule of Civil Procedure, Rule 1.140(b) without depositing rent into the Registry of the Court.

## II. CONCLUSIONS OF LAW

A. Defendants have argued that in a landlord/tenant eviction case, motion practice is permitted. Florida Statutes Chapter 51.011(1) provides in pertinent part:

> "If the answer incorporates a counterclaim, Plaintiff shall include all defenses of law or fact in his answer to the counterclaim and shall serve it within 5 days after service of the counterclaim. No other pleadings are permitted. *All defensive motions, including motions to quash, shall be heard by the court prior to trial."* (emphasis added.)

The Defendant further argued that a motion is not a defense that requires the deposit of rent into the registry of the Court. Pursuant to Florida Rules of Civil Procedure Rule 1.140(a), a motion tolls the time to file an answer as argued in *Mihaley v. White,* 15 Fla.Supp.2d 57 (Sarasota County, 1986).

To resolve the issue, Plaintiff argued that Florida Statutes Chapter 83.60(2) unequivocally stated that a tenant must deposit the money into the registry before he raises any defense other than payment. Florida Statutes 83.60(2) provides as follows:

> In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due. The court shall notify the tenant of such requirement. Failure of the tenant to pay the rent into the registry of the court as provided herein constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default without further notice or hearing thereon.

Plaintiff further argued that Defendant's Motion was a motion pursuant to Florida Rules of Civil Procedure Rule 1.140(b). Plaintiff contended that Rule 1.140 is labeled "Defenses", therefore, Florida Statutes 83.60(2) mandated rent deposit before motions under Rule 1.140(b) are heard.

This Court supports the reasoning of other county courts as argued by Defendant and as found in*Mihaley v. White, supra,* which is as follows:

"The tenant was not required by Florida law to file an answer or make a deposit into the Court registry for the Court to hear his motion to dismiss. The tenant's motion was made pursuant to Chapter 51, Fla. Stat. (1985), and the Florida Rules of Civil Procedure, which, under Rule 1.010, Fla. R.Civ.P. (1985), apply to landlord-tenant cases to the extent that they are not superseded by Chapter 51, Florida Statutes, *Berry v. Clement,* 346 So.2d 105 (Fla. 2d D.C.A. 1977). A motion to dismiss is not a "defense" required by Fla. Stat. Section 51 to be made in the tenant's answer, or which requires a deposit into the Court registry pursuant to Fla. Stat. Section 83.60(2) (1985). Under both Chapter 51 and the Florida Rules of Civil Procedure, motion practice is permitted, and a motion to dismiss tolls the time for filing, and is separate and distinct from, an answer. *Aetna Life Ins. Co. v. County Casuals, Inc.,* 5 Fla.Supp.2d 107 (Orange County 1983)."

It is essential to note that the essence of a system of justice is the concept of due process of law. Florida Statutes 83.60(2) was adopted by the legislature with that in mind. However, to interpret the statutes as argued by the Plaintiff would be to deny the Defendant the fundamental opportunity to be heard. The application of 83.60(2) as interpreted by the Plaintiff, would be unconstitutional.

This Court has inherent power to hear Defendant's motion without the deposit of rent into the Court's registry. To do otherwise, would be to deprive the Defendant of due process of law.

ORDERED and ADJUDGED that Defendant's Motion To Dismiss is granted and that Plaintiff's Motion For a Rehearing is denied.

DONE and ORDERED in Chambers in Kissimmee, Osceola County, Florida, this 7th day of March, 1988.